JOHN R. TYLER
PETER T. WECHSLER
Federal Programs Branch
Civil Division
United States Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Tel: (202) 514-2705
Fax: (202) 616-8470
Peter.Wechsler@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF SAN FRANCISCO BAY AREA, | No. C 07-2590 PJH |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |
| v. | |
| UNITED STATES DEPARTMENT OF THE TREASURY, | DATE: 17 October 2007<br>TIME: 9:00 a.m.<br>DEPT: Hon. Phyllis J. Hamilton |
| Defendant. | |

In the Complaint, plaintiff seeks agency records from the United States Department of the Treasury (Treasury) pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). Because Treasury has released all records responsive to this request, the Complaint should be dismissed for lack of subject-matter jurisdiction.

**INTRODUCTION**

1. By letter dated August 16, 2005, plaintiff requested that Treasury release certain agency records regarding the Specially Designated Nationals and Blocked Persons List that is maintained by Treasury's Office of Foreign Assets Controls (OFAC). See Complaint (Comp.) ¶¶ 1, 14 & Ex. C.

2. By letter dated August 29, 2005, Treasury acknowledged receipt of the request and stated that OFAC, the Treasury office to which the request had been assigned, was "experiencing a substantial backlog of FOIA requests and [could] not meet the normal time limits," and that OFAC had "established an orderly procedure for responding to requests, which is generally on a first-in, first-out basis." Id. ¶ 15 & Ex. D.

3. Plaintiff brought this action on May 16, 2007, asserting that Treasury had not released any responsive records. Id. ¶ 18. The Complaint asserts a single claim, seeking an order requiring Treasury to release the requested records, as well as a declaration that Treasury "violated FOIA." Id. ¶¶ 1, 24-26 & p. 8.

4. By letter dated July 20, 2007, Treasury released all records responsive to the FOIA request. See Declaration of Virginia R. Canter dated July 26, 2007 (Canter Dec.), ¶ 6.

5. Pursuant to Local Rule 6-1, the parties stipulated that Treasury would have until July 31, 2007, to answer, move, or otherwise respond to the Complaint.

**ARGUMENT**

**THE RELEASE OF ALL RECORDS RESPONSIVE TO A FOIA REQUEST RENDERS A CLAIM BROUGHT UNDER THE FOIA MOOT**

The FOIA confers a district court with "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C.§ 552(a)(4)(B). The Supreme Court has recognized the limited scope of this statutory grant of jurisdiction. "Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Subject-matter jurisdiction over a complaint requires that each of these three elements be met. McGehee v. CIA, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (under FOIA, "a federal court may compel an agency to release documents . . . when three requirements have been met"), citing Kissinger.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH         - 2 -

1    Based upon the scope of jurisdiction conferred by the FOIA, an agency's release of all
2 responsive documents to a requestor generally renders a case brought under that statute moot.
3 See Anderson v. HHS, 3 F.3d 1383, 1384 (10th Cir. 1993) ("Once the government produces all
4 the documents a plaintiff requests, her claim for relief under the FOIA becomes moot."), citing
5 Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986); Lechliter v. Dep't of Def.,
6 371 F. Supp.2d 589, 597 (D. Del. 2005) ("once the records are produced, the controversy
7 becomes moot"), citing Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); see also DeBold v.
8 Stimson, 735 F.2d 1037, 1040 (7th Cir. 1984); Webb v. HHS, 696 F.2d 101, 106 (D.C. Cir.
9 1982).

10    In this context, any delay in the release of responsive documents is immaterial, and there
11 is no basis for the requestor to obtain court-ordered relief from the agency under the FOIA. See
12 Tijerna v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) ("However fitful or delayed the release of
13 information under the FOIA may be . . . if we are convinced [defendants] have, however
14 belatedly, released all nonexempt material, we have no further judicial function to perform under
15 the FOIA."), quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Fisher v. FBI,
16 94 F. Supp.2d 213, 216 (D. Conn. 2000) (finding lawsuit moot despite delay in production of
17 records). Because a court lacks subject-matter jurisdiction over the requestor's FOIA claims
18 after the agency has released responsive records, there is no basis on which plaintiff could
19 proceed on its single claim for injunctive relief, namely the request for an order requiring
20 Treasury to release the requested records. See Comp. ¶ 24-26 & p. 8. Due to the release of all
21 responsive records, see Canter Dec. ¶ 6, plaintiff can no longer continue to seek "to order the
22 production of any agency records improperly withheld from the complainant." 5 U.S.C.
23 § 552(a)(4)(B).

24    Similarly, because the responsive records have been released, plaintiff lacks a basis to
25 obtain a declaration that Treasury "violated FOIA." See Comp. at p. 8. Any such declaration
26 "would constitute an advisory opinion in contravention of Article III of the Constitution," Payne
27 Enter. v. United States, 837 F.2d 486, 491 (D. C. Cir. 1988), and would amount to no more than
28 MEMORANDUM IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH    - 3 -

1  an admonition concerning past conduct – a dubious use of declaratory relief that has no practical
2  or enforceable effect.  See United States v. Washington, 759 F.2d 1353, 1356 (9th Cir. 1985) (en
3  banc) ("Precise resolution, not general admonition, is the function of declaratory relief.").
4      Because the responsive records have been released, plaintiff's claim against Treasury is
5  moot.

### CONCLUSION

7      For each of these reasons, Treasury requests that the Court dismiss, in its entirety,
8  plaintiff's Complaint.

10  Dated: July 27, 2007                          Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

SCOTT N. SCHOOLS
United States Attorney

JOHN R. TYLER
Senior Trial Counsel

/s/
PETER T. WECHSLER (MA # 330559)
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel:  (202) 514-2705
Fax: (202) 616-8470
peter.wechsler@usdoj.gov
*Attorneys for Defendant*

28  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH    - 4 -