THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599

ROBERT RUBIN (State Bar No. 85084)
PHILIP HWANG (State Bar No. 185070)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
  OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone:   (415) 543-9444
Facsimile:    (415) 543-0296

Attorneys for Plaintiff Lawyers' Committee
for Civil Rights of the San Francisco Bay Area

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>Defendant. | No. C07-2590 PJH<br><br>**OPPOSITION TO DEPARTMENT OF TREASURY'S MOTION TO AMEND THE BRIEFING SCHEDULE**<br><br>Hearing Date: October 24, 2007<br>Time:         9:00 a.m.<br>Hon. Phyllis J. Hamilton |

Plaintiff Lawyers Committee for Civil Rights ("LCCR") objects to the Department of Treasury's ("DOT") Motion to Amend the Briefing Schedule ("Motion") – seeking an additional three weeks and permission to file a Reply brief in excess of 15 pages. This Court should deny the requested relief on the grounds that the DOT has utterly failed to explain why additional time or over-sized briefing is necessary. The basis for DOT's Motion to Dismiss LCCR's Freedom of Information Act ("FOIA") lawsuit is on the grounds that it has already produced all responsive

documents responsive to LCCR's years-long-pending FOIA request. LCCR opposes the Motion to Dismiss on the grounds that it is plain – on the face of the DOT's response itself – that the DOT indeed has in its possession, documents that are responsive and for which it has asserted no statutory exemptions. As counsel for LCCR explained in an October 4, 2007 email (attached as Exhibit A to the DOT's Motion), if the DOT has already produced all of its documents, why is more time needed to explain its straight-forward position? The DOT's Motion does not even attempt to provide an answer to this obvious question. Instead, the DOT offers only the Declaration of Virginia R. Canter, whose insistence that the three-week extension is "require[d]" to "facilitate the resolution of this case by enabling Treasury adequate time and space to address the new issues raised by plaintiff" is at best generic, and inadequate to justify the DOT's requests. Id. at ¶ 5.

LCCR respectfully requests that the Court deny the DOT's requests and that it continue to hold the hearing on October 24, 2007. (The parties agreed to this particular hearing date only after the DOT filed its motion to dismiss originally setting the motion for a date when lead counsel for LCCR was not available; LCCR's counsel had spoken to DOT's attorney the morning of the filing but had not had an opportunity to confirm the proposed date with lead counsel before DOT filed its motion that afternoon.) In the event that the Court grants the DOT's requests, LCCR respectfully requests that the hearing be rescheduled for a date convenient to the Court and the parties and that LCCR be granted leave to file a Response to any extended briefing and supplemental declarations that the DOT is permitted to file.

Respectfully submitted,

DATED this 3rd day of October, 2007.

DAVIS WRIGHT TREMAINE LLP

By: /s/
Thomas R. Burke

Attorneys for Plaintiff
Lawyers' Committee for Civil Rights of the
San Francisco Bay Area