1  PETER D. KEISLER
   Assistant Attorney General
2
   SCOTT N. SCHOOLS
3  United States Attorney

4  ELIZABETH J. SHAPIRO
   Assistant Branch Director
5  PETER T. WECHSLER
   Federal Programs Branch
6  Civil Division
   United States Department of Justice
7  20 Massachusetts Avenue, NW
   Washington, D.C. 20530
8  Tel: (202) 514-2705
   Fax: (202) 616-8470
9  Peter.Wechsler@usdoj.gov
   *Attorneys for Defendant*

10

11              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
12              SAN FRANCISCO DIVISION

13

   LAWYERS' COMMITTEE FOR          )
14 CIVIL RIGHTS OF SAN             )    No. C 07-2590 PJH
   FRANCISCO BAY AREA,             )
15                                 )
          Plaintiff,               )    **REPLY MEMORANDUM IN SUPPORT**
16                                 )    **OF DEFENDANT'S MOTION**
       v.                          )    **TO DISMISS THE COMPLAINT**
17                                 )
   UNITED STATES DEPARTMENT OF     )    DATE: 12 December 2007
18 THE TREASURY,                   )    TIME: 9:00 a.m.
                                   )    DEPT: Hon. Phyllis J. Hamilton
19        Defendant.               )

20

21

22

23

24

25

26

27

28 REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH

**TABLE OF CONTENTS**                                    **PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TREASURY'S PROCESSING OF THE FOIA REQUEST  . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1.    Treasury Released All Responsive Records in Paper Form  . . . . . . . . . . . . . . . 3

    2.    Treasury Released All Responsive Information in Electronic Form . . . . . . . . . . 4

        (a)    OFAC's Compliance Hotline . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        (b)    Telephone Calls to OFAC's Congressional Liaison  . . . . . . . . . . 5

        (c)    Correspondence in OFAC's Foreign Assets Control Database . . . 5

        (d)    Emails Sent to OFAC's Website . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    TREASURY ESTABLISHES THAT IT CONDUCTED AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS IN PAPER AND ELECTRONIC FORM  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    The Standards for Conducting an Adequate Search  . . . . . . . . . . . . . . . 6
    B.    The Canter Declaration Establishes that Treasury Conducted an Adequate Search for Responsive Records in Paper Form . . . . . . . . . . . 8

    C.    The Canter Declaration Establishes that Treasury Conducted an Adequate Search for Responsive Information in Electronic Form . . . . . 9

II.    PLAINTIFF CANNOT REBUT TREASURY'S SHOWING AS TO THE ADEQUACY OF ITS SEARCH FOR RESPONSIVE RECORDS  . . . . . . . . . . . . . . . 11

    A.    The Standards for Rebutting an Agency's Showing as to the Adequacy of its Search for Responsive Records  . . . . . . . . . . . . . . . . . 11

    B.    Plaintiff Lacks Countervailing Evidence as to the Adequacy of Treasury's Search for Responsive Records  . . . . . . . . . . . . . . . . . . . 12

    C.    Treasury Rebuts Plaintiff's Uncorroborated Speculation Regarding the Adequacy of Treasury's Search for Responsive Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.    PLAINTIFF SHOULD NOT BE PERMITTED TO CONDUCT DISCOVERY ON ITS CLAIM BROUGHT UNDER THE FOIA  . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**CASES**                                                                   **PAGE(s)**

Alyeska Pipeline Serv. Co. v. EPA,
    856 F.2d 309 (D.C. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Anderson v. HHS,
    3 F.3d 1383 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Canning v. Department of Defense,
    499 F. Supp. 2d 14 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Carney v. DOJ,
    19 F.3d 807 (2nd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Carter v. Veterans Admin.,
    780 F.2d 1479 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Citizens Comm'n on Human Rights v. FDA,
    45 F.3d 1325 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 11

Diaz v. Paul J. Kennedy Law Firm,
    289 F.3d 671 (10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Ferranti v. Bureau of Alcohol, Tobacco & Firearms,
    177 F. Supp. 2d 41 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

First Nat'l Bank of Ariz. v. Cities Serv. Co.,
    391 U.S. 253 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Goland v. CIA,
    607 F.2d 339 (D.C. Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 16

Ground Saucer Watch, Inc. v. CIA,
    692 F.2d 770 (D.C. Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Hallett v. Morgan,
    296 F.3d 732 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Herbert v. Lando,
    441 U.S. 153 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Hronek v. DEA,
    16 F. Supp. 2d 1260 (D. Or. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Iturralde v. Comptroller of Currency,
    315 F.3d 311 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Judicial Watch, Inc. v. Export-Import Bank,
    108 F. Supp. 2d 19 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Katzman v. Freeh,
    926 F. Supp. 316 (E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Kissinger v. Reporters Comm. for Freedom of the Press,
    445 U.S. 136 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Meerpol v. Meese,
    790 F.2d 942 (D.D.C. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Military Audit Project v. Casey,
    656 F.2d 724 (D.C. Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Minier v. CIA,
    88 F.3d 796 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

Misciavige v. IRS,
    2 F.3d 366 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Nation Magazine v. U.S. Customs Service,
    71 F.3d 885 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

National Wildlife Fed'n v. U.S. Forest Serv.,
    443 F. Supp. 2d 1182 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Oglesby v. Dep't of Army,
    920 F.2d 57 (D.C. Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10, 12

Pacific Lumber Co. v. National Union Fire Ins. Co.,
    220 F.R.D. 349 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Perry v. Block,
    684 F.2d 121 (D.C. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Pollard v. FBI,
    705 F.2d 1151 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Rae v. Union Bank,
    725 F.2d 478 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Roberts v. DOJ,
    No. 92-1707, 1995 WL 356320 (D.D.C. Jan. 29, 1993) . . . . . . . . . . . . . . . . . . . . . . . . 7

Safecard Servs., Inc. v. SEC,
    926 F.2d 1197 (D.C. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Schrecker v. DOJ,
    349 F.3d 657 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

Steinberg v. DOJ,
    23 F.3d 548 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Students Against Genocide v. Dep't of State,
    257 F.3d 828 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Texas Indep. Producers Legal Action Ass'n v. IRS,
    605 F. Supp. 538 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Truitt v. Dep't of State,
    897 F.2d 540 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Weisberg v. DOJ,
    745 F.2d 1476 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 12

Wenger v. Monroe,
    282 F.3d 1068 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Western Ctr. for Journalism v. IRS,
    116 F.Supp. 2d 1 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Wheeler v. CIA,
    271 F. Supp. 2d 132 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Wood v. McEwen,
    644 F.2d 797 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Zemansky v. EPA,
    767 F.2d 569 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7, 9, 10, 11, 12

Defendant the United States Department of the Treasury (Treasury) hereby responds to issues raised in "Plaintiff's Opposition to Treasury's Motion to Dismiss the Complaint" (Opposition). In the Complaint, plaintiff sought to compel Treasury to release agency records requested pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). After releasing all responsive records, Treasury moved to dismiss the Complaint on the grounds that plaintiff's claim under the FOIA was moot. In its Opposition, plaintiff challenged the adequacy of the agency's search for records. Because the Third Declaration of Virginia R. Canter dated October 31, 2007 (Canter Dec.), establishes that Treasury's search was adequate, the Court should dismiss the Complaint or, alternatively, grant the agency summary judgment.

## <u>INTRODUCTION</u>

In August of 2005, plaintiff submitted a FOIA request (Request) to Treasury, seeking certain agency records regarding the Specially Designated Nationals List (SDN List) that is maintained and administered by Treasury's Office of Foreign Assets Controls (OFAC). <u>See</u> Complaint (Comp.) ¶¶ 1, 14 & Ex. C. Plaintiff brought this action in May of 2007, asserting that Treasury had not released responsive records. <u>Id</u>. ¶ 18. The Complaint asserted a single claim under the FOIA, seeking an order requiring Treasury to release the requested records, as well as a declaration that Treasury "violated FOIA." <u>Id</u>. ¶¶ 1, 24-26 & p. 8.

After Treasury assigned the Request to OFAC for processing, OFAC conducted searches and located responsive records in paper and electronic form. Treasury released all such records by letter to plaintiff dated July 20, 2007 (Final Response), and thereafter filed the Motion to Dismiss the Complaint, asserting that plaintiff's claim was moot, and that the Court lacked subject-matter jurisdiction over the Complaint. Plaintiff filed its Opposition on October 24, 2007, challenging the adequacy of Treasury's search for records. Treasury addresses the adequacy of its search in the Canter Declaration.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TREASURY'S PROCESSING OF THE FOIA REQUEST

Plaintiff's Request sought records involving OFAC's administration of the SDN List. Items 1 through 6 of the Request sought agency records regarding the "number and nature" of inquiries made to OFAC by persons or companies with respect to possible or actual matches of a person's name to a name on the SDN List "or other watchlist." See Canter Dec. ¶ 2 & Exh. A.[1] Items 7 through 10 of the Request sought agency records regarding the "policies and procedures" used by OFAC in connection with name matches to the SDN List or other watch list. Id.

### 1. Treasury Released All Responsive Records in Paper Form

Because the Request sought records regarding OFAC's administration of the SDN List, Treasury assigned the Request to OFAC for processing. Canter Dec. ¶ 3. OFAC distributed an internal memorandum to the assistant director of each OFAC division likely to have responsive records (the Designation and Investigations Division; the Compliance, Outreach and Implementation Division (Compliance Division); and the Information Technology Division), requesting that each division search its records and collect any potentially responsive records. Id. ¶ 7. In order to ensure a full and complete search, OFAC also forwarded the internal memorandum to the Civil Penalties Division, the Enforcement Division, the Licensing Division, the Records Management Division (Records Division), and the Policy Division. Each of these divisions conducted the searches and forwarded potentially responsive records to OFAC's Office of Resource Management. Id.

As a result of these searches, OFAC located records in paper form responsive to items 7 through 10 of the Request, regarding the "policies and procedures" used by OFAC in connection with name matches to the SDN List. Id. ¶ 9. OFAC determined that it does not maintain records in paper form responsive to items 1 to 6 of the Request, regarding the number and nature of

---

[1] To the extent that items 1 through 6 of the Request sought records regarding the number and nature of inquiries made to OFAC with respect to any "watch list" other than the SDN List, OFAC determined that the agency does not maintain records in paper or electronic form regarding any other watch list. Canter Dec. ¶¶ 9, 12, 17, 22.

inquiries made to OFAC with respect to name matches to the SDN List or any other "watch list." Canter Dec. ¶¶ 9, 12, 14.  Treasury released in full each of the records located by OFAC by letter dated July 20, 2007.  Id. ¶¶ 4, 7 & Exh. C (Final Response) at 2.

### 2.    Treasury Released All Responsive Information in Electronic Form

In addition to locating records in paper form, OFAC determined that the agency maintains some data in electronic form regarding the volume of telephone calls and correspondence the agency has received.  Canter Dec. ¶ 11.  Because the FOIA, as amended, defines the term "record" to include information in an electronic format, see 5 U.S.C. § 552(f)(2) (2000 & Supp. IV 2004), OFAC conducted computer searches of that electronic data to determine whether such data contained information that may relate to items 1 through 6 of the Request, regarding the number and nature of inquiries made to OFAC with respect to name matches to the SDN List, for the period from 2000 to the date of receipt of the Request.  Canter Dec. ¶ 11.  As discussed below, OFAC derived responsive information from four categories of electronic data: (a) telephone calls to OFAC's compliance hotline, (b) telephone calls to OFAC's congressional liaison, (c) correspondence reflected in OFAC's Foreign Assets Control Database, and (e) emails sent to OFAC's website.  Id. ¶¶ 11-25.  Treasury included such information regarding the number and nature of inquiries made to OFAC in the Final Response.  Id. ¶¶ 11, 15, 19, 21, 24 & Exh. C.

### (a)    OFAC's Compliance Hotline

OFAC operates a call center (Hotline), by which the agency receives telephone calls from individuals and companies.  Canter Dec. ¶ 13.  The Hotline presents callers with nine options (queues) at the main menu prompt.  Id.  One of these queues is designed to assist callers with a question in reference to an "SDN name match."  Id.  Calls in this queue included, but were not limited to, calls from companies regarding name matches to the SDN List.  Id.  Some information regarding calls received by the Hotline is stored by OFAC in electronic form in log files (Call Center Logs), and OFAC can access such information by the queue selected by the caller.  Id.    ¶ 15.  OFAC's Information Technology Division conducted a computer search of

the Call Center Logs and derived the number of calls that selected the queue for name matches to the SDN List during the period from April 1, 2004 (when the Call Center was implemented), to May 30, 2007 (the date of the search). Id. Calls to that queue included, but were not limited to, calls from companies regarding name matches to the SDN List. Id. Treasury included this information regarding the number of calls to that queue in the Final Response. Id. ¶ 15 & Exh. C at 2.

### (b)    Telephone Calls to OFAC's Congressional Liaison

Some telephone calls received by OFAC's congressional liaison involve name matches to the SDN List. Canter Dec. ¶ 18. OFAC maintains data in electronic form that contains some information regarding telephone calls made to OFAC's congressional liaison. Id. ¶ 19. OFAC's congressional liaison conducted a computer word search of this electronic data, deriving the number of entries related to telephone calls received from 2005 (when the data was created) to June of 2007 (when the search was conducted) regarding name matches to the SDN List. Id. Treasury included this information regarding the number of calls to its congressional liaison in the Final Response. Id. ¶ 19 & Exh. C at 2.

### (c)    Correspondence in OFAC's Foreign Assets Control Database

The Foreign Assets Control Database (FACDB), an electronic database maintained by OFAC, contains some information regarding the volume of correspondence received by the agency. Canter Dec. ¶ 20. OFAC's Records Division conducted a computer word search of the FACDB, deriving the number of entries during the period from 1995 (when the FACDB was implemented) to June of 2007 (when the search was conducted), that include at least one of the following terms: "credit report," "credit bureau," "Experian," "Equifax," "Transunion" (the three major credit bureaus), and "removal from SDN list." Id. ¶ 21. These terms were selected in order to derive information from the FACDB regarding the volume of correspondence received by OFAC with respect to name matches to the SDN List. Id. Treasury included this information in the Final Response. Id. ¶ 21 & Exh. C at 2.

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -5-

**(d)    Emails Sent to OFAC's Website**

On its website, OFAC operates two email accounts by which members of the public can direct questions to the agency.  Canter Dec. ¶ 23.  OFAC's Compliance Division conducted a computer word search of the emails received by OFAC from November 1, 2001 (when the email account was created) to June of 2007 (when the search was conducted).  Id.  Compliance officers searched for one or more of the following terms: "credit report," "credit bureau," "Experian," "Equifax," "Transunion," "remove," and "list."  Id. ¶ 24.  These terms were selected in order to derive information from the email account regarding the number of emails received through OFAC's website with respect to name matches to the SDN List.  Id.  Treasury included this information regarding the number of emails received by OFAC in the Final Response.  Id. ¶ 24 & Exh. C at 2.

OFAC determined, and Treasury informed plaintiff, that the data in electronic form regarding the volume of telephone calls and correspondence received by OFAC does not include any other information responsive to items 1 through 6 of the Request.  Canter Dec. ¶¶ 16, 19, 22, 25 & Exh. C.

**ARGUMENT**

If a requester's claims under the FOIA have not been rendered moot by the release of all responsive records, the case is generally resolved by a motion for summary judgment.  See, e.g., Misciavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993); National Wildlife Fed'n v. U.S. Forest Serv., 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006).  Summary judgment is to be freely granted where there are no genuine issues of material fact and the agency is entitled to judgment as a matter of law.  See Alyeska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 314-15 (D.C. Cir. 1988); Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  In a FOIA case, "the facts are rarely in dispute."  Minier v. CIA, 88 F.3d 796, 800 (9th Cir. 1996).  As discussed below, there are no genuine issues of fact, and Treasury is entitled to judgment as a matter of law.

I.     **TREASURY ESTABLISHES THAT IT CONDUCTED AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS IN PAPER AND ELECTRONIC FORM**

A.     **The Standards for Conducting an Adequate Search**

In reviewing a requester's challenge to the adequacy of an agency's search for records responsive to a FOIA request, the reasonableness standard applies.  See Citizens Comm'n on Human Rights v. FDA, 45 F.3d 1325, 1328 (9th Cir. 1995), citing Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985).  The adequacy of an agency's search for records "is measured by a 'standard of reasonableness,' and is dependent upon the circumstances."  Schrecker v. DOJ, 349 F.3d 657, 662 (D.C. Cir. 2003) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal citation omitted)); Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

As an initial matter, the statute provides that a FOIA request must "*reasonably describe*" the records sought.  5 U.S.C. § 552(a)(3)(A)(i) (emphasis added).  Such a description of records sought would "be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record *with a reasonable amount of effort*." H.R. Rep. No. 93-876, at 6, reprinted in 1974 U.S.C.C.A.N. 6267, 6271 (emphasis added); see also Goland v. CIA, 607 F.2d 339, 353 (D.C. Cir. 1978).  Treasury's FOIA regulations also require that a requester describe the records sought "in reasonably sufficient detail to enable employees who are familiar with the subject area of the request to locate the records without placing an unreasonable burden upon the Department."  31 C.F.R. § 1.6(d).  In other words, the FOIA request must describe in reasonable detail the records sought.

If a requester challenges the adequacy of the agency's search for responsive records, the reviewing court determines whether the agency has made "*reasonable efforts* to search for the records."  5 U.S.C. § 552(a)(3)(C) (emphasis added).  In order for an agency to show that it has discharged its obligations under the FOIA and is entitled to summary judgment, the agency must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents."  Zemansky v. EPA, 767 F.2d at 571 (citing Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); see also Students Against Genocide v. Dep't of State, 257 F.3d 828, 838 (D.C. Cir. 2001) (same).  A search is reasonable where the agency used "methods reasonably expected

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -7-

to produce the information requested." Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir.1990); see also Weisberg v. DOJ, 745 F.2d at 1485.

Courts have stated that an agency's search "need only be reasonable; it does not have to be exhaustive." Hronek v. DEA, 16 F. Supp. 2d 1260, 1268 (D. Or. 1998); see also Oglesby v. Army, 920 F.2d at 68. Thus, the agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. See Western Ctr. for Journalism v. IRS, 116 F.Supp. 2d 1, 9 (D.D.C. 2000), aff'd, 2001 WL 1699416 (D.C. Cir. Dec. 18, 2001) (per curiam); Roberts v. DOJ, No. 92-1707, 1995 WL 356320, *2 (D.D.C. Jan. 29, 1993).

As discussed below, the Canter Declaration establishes that Treasury met these standards in conducting a search for records.

### B.    The Canter Declaration Establishes that Treasury Conducted an Adequate Search for Responsive Records in Paper Form

The Canter Declaration sets forth the steps taken by Treasury to search for and release responsive records in paper and electronic form. Agency declarations are the appropriate supporting material to show that a reasonable search has been conducted. See Zemansky v. EPA, 767 F.2d at 571-72 (agency may rely upon declarations from agency officials to establish the adequacy of a search); Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995) (agency meets this burden through affidavits showing that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested") (internal quotation marks omitted). Although such a declaration should be "sufficiently detailed," the standard "is not 'meticulous documentation [of] the details of an epic search.'" Texas Indep. Producers Legal Action Ass'n v. IRS, 605 F. Supp. 538, 547 (D.D.C. 1984) (quoting Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)). The agency "need only provide affidavits explaining in 'reasonable detail' the scope and method of the search, in absence of countervailing evidence." Texas Indep. Producers, 605 F. Supp. at 547 (quoting Perry).

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -8-

The Canter Declaration establishes that Treasury conducted an adequate search for records responsive to the Request. Each item of the Request sought records involving OFAC's administration of the SDN List. Items 1 through 6 sought agency records regarding the "number and nature" of inquiries made to OFAC by persons or companies with respect to name matches to the SDN List. Canter Dec. ¶ 2 & Exh. A. Items 7 through 10 sought agency records regarding the "policies and procedures" used by OFAC in connection with name matches to the SDN List. Id.

After Treasury assigned the Request to OFAC for processing, id. ¶ 3, OFAC distributed an internal memorandum to the assistant director of each OFAC division likely to have responsive records, requesting that each department search its records and collect any potentially responsive records resulting from such search. Id. ¶ 8. After the assistant directors conducted searches, they forwarded potentially responsive records to OFAC's Office of Resource Management. Id. In particular, OFAC located records in paper form responsive to items 7 through 10 of the Request, regarding the "policies and procedures" used by OFAC in connection with name matches, for the period from 2000 to the date of receipt of the FOIA request. Id. ¶ 10. Treasury released these records in full to plaintiff by letter dated July 20, 2007. Id. ¶¶ 8, 10 & Exh. C at 2. OFAC determined, and Treasury informed plaintiff, that OFAC does not maintain records in paper form responsive to items 1 to 6 of the Request, regarding the number and nature of inquiries made to OFAC with respect to name matches to the SDN List. Id. ¶ 9 & Exh. C at 2.

As shown by the Canter Declaration, Treasury conducted an adequate search because the agency made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Nation Magazine v. Customs Service, 71 F.3d at 890; see also Citizens Comm'n v. FDA, 45 F.3d at 1328 (the agency declaration "specifically outlined the agency's efforts to locate documents" responsive to the request); Zemansky v. EPA, 767 F.2d at 571 (the agency discharged its obligations under the FOIA and is entitled to summary judgment where the agency demonstrated that it "conducted a search reasonably calculated to uncover all relevant documents"); Oglesby v. Army, 920 F.2d

at 68 (a search is reasonable where the agency used "methods reasonably expected to produce the information requested").  Because Treasury establishes that it conducted an adequate search for responsive records, the Court should dismiss the Complaint.  Id.

**C.    The Canter Declaration Establishes that Treasury Conducted an Adequate Search for Responsive Information in Electronic Form**

The FOIA, as amended in 1996, defines the term "record" to include information in an electronic format.  5 U.S.C. § 552(f)(2) (2000 & Supp. IV 2004).  In addition to locating records in paper form, OFAC conducted computer searches of data maintained by the agency in electronic form regarding the volume of telephone calls and correspondence received by the agency.  Canter Dec. ¶¶ 8, 10, 11.  Treasury's Final Response to the Request included information derived by OFAC from such electronic data with respect to items 1 through 6 of the FOIA request, regarding the number of inquiries made to OFAC with respect to name matches to the SDN List.  Id. ¶¶ 11, 15, 19, 21, 24.

As demonstrated by the Canter Declaration, OFAC derived information from four types of electronic data regarding the volume of telephone calls and correspondence received by the agency, and Treasury included that information in the Final Response.  First, the Call Center Logs contain electronic data regarding the number of telephone calls received by OFAC's Hotline.  Canter Dec. ¶ 15.  OFAC's information Technology Division conducted a computer word search of that data and derived the number of calls that selected the queue for an SDN name match.  Id.  Second, OFAC maintains electronic data regarding telephone calls received by OFAC's congressional liaison.  Id. ¶ 19.  OFAC's congressional liaison conducted a computer word search of that data, and derived the number of entries related to calls regarding name matches to the SDN List.  Id.  Third, the FACDB contains electronic data regarding the volume of correspondence received by OFAC.  Id. ¶ 20.  OFAC's Records Division conducted a computer word search of that data and derived the number of entries during the relevant time period regarding correspondence received by OFAC with respect to name matches to the SDN List.  Id. ¶ 21.  Fourth, two email accounts on OFAC's website allow members of the public to direct questions to the agency.  Id. ¶ 23.  OFAC's Compliance Division conducted a computer

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -10-

word search of that data, and derived the number of emails received by OFAC during the relevant time period with respect to name matches to the SDN List. Id. ¶ 24.

OFAC determined, and Treasury informed plaintiff, that the data in electronic form regarding the volume of telephone calls and correspondence received by OFAC does not include any other information, in paper or electronic form, responsive to items 1 through 6 of the Request. Canter Dec. ¶¶ 16, 19, 22, 25 & Exh. C. Treasury therefore establishes that it conducted an adequate search for information in electronic form. See Nation Magazine v. Customs Serv.,71 F.3d at 890 (agency made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested") see also Zemansky v. EPA, 767 F.2d at 571 (agency is entitled to summary judgment where the agency demonstrated that it "conducted a search reasonably calculated to uncover all relevant documents"); Oglesby v. Army, 920 F.2d at 68 (a search is reasonable where the agency used "methods reasonably expected to produce the information requested").

For these reasons, Treasury establishes that the agency met its obligations under the FOIA to conduct an adequate search for records in paper and electronic form.

## II.    PLAINTIFF CANNOT REBUT TREASURY'S SHOWING AS TO THE ADEQUACY OF ITS SEARCH FOR RESPONSIVE RECORDS

### A.    The Standards for Rebutting an Agency's Showing as to the Adequacy of its Search for Responsive Records

Where a requester disputes the adequacy of the agency's search, the key question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. DOJ, 23 F.3d 548, 551 (D.C. Cir. 1994); see also Zemansky v. EPA, 767 F.2d at 571 (same). The process of conducting a "reasonable" search is a process that requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise" and is "hardly an area in which the courts should attempt to micromanage the executive branch." Schrecker v. DOJ, 349 F.3d 657, 662 (D.C. Cir. 2003).

Indeed, "[a]gency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents."  Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam); see also Zemansky v. EPA, 767 F.2d at 573 (the mere allegation that the government is shielding documents does not undermine the adequacy of an agency's declaration as to the adequacy of its search).  Thus, in the absence of "countervailing evidence" or "substantial doubt," agency declarations describing an adequate search are sufficient to demonstrate the agency's compliance with FOIA. See Iturralde v. Comptroller of Currency, 315 F.3d 311, 314 (D.C. Cir. 2003); see also Citizens Comm'n v. FDA, 45 F.3d at 1328 (affidavits describing the agency search procedures are sufficient for purposes of a dispositive motion if they are "relatively detailed in their description of the files searched and the search procedures, and if they are nonconclusory and not impugned by evidence of bad faith").

**B.    Plaintiff Lacks Countervailing Evidence as to the Adequacy of Treasury's Search for Responsive Records**

Treasury is entitled to the dismissal of the Complaint because plaintiff lacks "countervailing evidence" to rebut the agency's showing as to the adequacy of its search for responsive records.  See Iturralde v. Comptroller, 315 F.3d at 314.  "An adequate affidavit can be rebutted only 'with evidence that the agency's search was not made in good faith.'"  Canning v. Department of Defense, 499 F. Supp. 2d 14, 23 (D.D.C. 2007) (citations omitted).  In the face of the evidence submitted by Treasury via the Canter Declaration, plaintiff's uncorroborated suppositions that more records may exist are "insufficient to raise material questions of fact with respect to the adequacy of the search."  Meerpol v. Meese, 790 F.2d 942, 953 (D.D.C. 1986); see also Oglesby, 920 F.2d at 67 n.13; Zemansky v. EPA, 767 F.2d at 573; Ferranti v. Bureau of Alcohol, Tobacco & Firearms, 177 F. Supp. 2d 41, 48 (D.D.C. 2001).

Because a reasonable search may fail to uncover responsive records, see Oglesby v. Army, 920 F.2d at 68, courts reject those challenges to the adequacy of a search that are based upon the volume of records located and released.  "The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -12-

carry out the search." <u>Iturralde v. Comptroller</u>, 315 F.3d at 315; <u>see also</u> <u>Weisberg v. DOJ</u>, 745

F.2d  at 1485 ("the fundamental question" is not whether any other responsive documents might

exist, "but rather whether the search . . . was adequate").  "Mere speculation that as yet

uncovered documents exist does not undermine the finding that the agency conducted a

reasonable search for them." <u>Safecard Servs., Inc. v. SEC</u>, 926 F.2d 1197, 1201 (D.C. Cir.

1991).  The Court should therefore reject plaintiff's mere speculation that additional responsive

documents may exist. <u>See</u>, <u>e.g.</u>, Pl. Opp. at 1, 4, 10-11.  In its Opposition, plaintiff has not

alleged, or offered admissible evidence to establish, that a different search method would have

located additional responsive records, or that documents were located but not released by OFAC.

Plaintiff errs in his discussion of the First Canter Declaration, <u>see</u> Pl. Opp. at 4, 8,

because that Declaration was not directed to the adequacy of Treasury's search for responsive

records.  That Declaration, which was filed in July of 2007, established that Treasury had

completed the processing of the FOIA request and released all responsive records. <u>See</u> First

Canter Dec. ¶ 6.  Plaintiff first contested the adequacy of Treasury's search for responsive

records in Plaintiff's Opposition to the Motion to Dismiss, which was filed in October of 2007.

When Treasury moved to dismiss the Complaint in July of 2007, Treasury asserted that the

agency's release of all responsive records rendered plaintiff's claim under FOIA moot, and that

the Court lacks subject-matter jurisdiction over the Complaint. <u>See</u> <u>Anderson v. HHS</u>, 3 F.3d

1383, 1384 (10th Cir. 1993) ("Once the government produces all the documents a plaintiff

requests, her claim for relief under the FOIA becomes moot."), citing <u>Carter v. Veterans Admin.</u>,

780 F.2d 1479, 1481 (9th Cir. 1986).

Because plaintiff did not challenge the adequacy of Treasury's search for responsive

records until October of 2007, plaintiff errs in asserting that Treasury was required to

demonstrate the adequacy of the search when the agency filed the Motion to Dismiss in July of

2007. <u>See</u> Pl. Opp. at1 ("Nor has Treasury shown that it made a good-faith effort to conduct the

necessary search for the records."); <u>id</u>. at 8 ("Treasury has not offered *any* description of the type

of search undertaken to locate documents responsive to these requests," and "did not bother to

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -13-

assert that it had reviewed *any* relevant files") (emphasis in original); id. at 9 (characterizing the First Canter Declaration as a "cursory affidavit that does not even describe the agency's alleged search"); id. at 10 (asserting that none of the documents released by Treasury "indicate that a legally adequate search for the documents requested was undertaken").  As discussed above, the Third Canter Declaration establishes that Treasury conducted an adequate search for responsive records.  The Court should therefore dismiss the Complaint.

### C.     Treasury Rebuts Plaintiff's Uncorroborated Speculation Regarding the Adequacy of Treasury's Search for Responsive Records

Contrary to plaintiff's contention, Pl. Opp. at 2, Treasury did not adopt an "impermissibly narrow reading" of the Request.  See Canter Dec. ¶ 10.  In processing the Request, Treasury properly construed the items of the FOIA request and released all responsive records in paper and electronic form that were located by OFAC.  Id.[2]  OFAC determined, and Treasury informed plaintiff, that OFAC does not maintain any additional records in paper or electronic form responsive to items 1 through 6 of the Request regarding the number of inquiries made to OFAC with respect to name matches to the SDN List.  Id. ¶¶ 9, 11, 12, 14, 16, 19, 22, 25 & Exh. C.  OFAC's Compliance Department determined, and Treasury informed plaintiff, that the Call Center Logs do not contain information regarding "the distribution of calls to the OFAC Compliance Hotline based on industry" (item 2), or "the number of calls received by the . . . Hotline that resulted in an actual name match to the SDN list" (item 3).  Id. ¶ 17 & Exh. C.[3] OFAC determined, and Treasury informed plaintiff, that OFAC does not maintain any records in paper or electronic form regarding any "watch list" other than the SDN List, see Pl. Opp. at 7, 12, 13, such as "terrorist watch lists" purportedly administered by "other agencies."  Canter Dec. ¶¶ 9, 12, 17, 22 & Exh. C.

_____

[2] In this context, any preliminary telephone conversations that plaintiff's counsel may have had, prior to the processing of the FOIA request, with OFAC employees "who were not FOIA officers," see Declaration of Shirin Sinnar dated September 28, 2007, ¶¶ 4-6, are not relevant.

[3]  To the extent that plaintiff refers to estimates of the number of calls received by the Hotline in a week or a year, see Pl. Opp. at 12, any such estimate would include calls to all queues, rather than being limited to calls placed to the queue for an SDN name match.  Canter Dec. ¶ 15.

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -14-

Treasury rebuts plaintiff's speculation (Pl. Opp. at 6-7, 12) that OFAC located, and Treasury failed to release, additional responsive records in paper form. See Canter Dec.¶¶ 10, 11, 16. After OFAC conducted searches and located responsive records in paper and electronic form, Treasury released all such records. Id. ¶¶ 8-10, 15, 16, 21. In particular, OFAC determined that it does not maintain responsive records in paper form regarding the FACDB. Id. ¶ 22. Plaintiff thus errs in asserting that Treasury "substitut[ed] mere descriptions of the records in lieu of the documents themselves." Pl. Opp. at 7. Treasury also rebuts plaintiff's speculation (id. at 4) that "responsive records may have been destroyed" in connection with the processing of the Request. Canter Dec. ¶ 10. A requester's "mere allegation of bad faith" does not undermine the sufficiency of agency declarations. Minier v. CIA, 88 F.3d at 803 (citation omitted).

Plaintiff also contends that, if additional responsive documents do not exist, Treasury should be required to create such documents to administer the SDN List. See Pl. Opp. at 1, 12-13. However, the FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it has in fact created and maintained." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 152 (1980). Plaintiff's contentions regarding Treasury's administration of its program is not relevant to the claim in this action.

Because the Complaint is limited to a single claim seeking records under the FOIA, the Court should disregard plaintiff's opinions regarding Treasury's administration of the SDN List. See Pl. Opp. at 2 (seeking discovery regarding "what kind of training, policies and procedures Treasury's OFAC follows"); id. at 7 (asserting that, if Treasury released all responsive records, "then Treasury is essentially saying that it has no mechanism for tracking" citizen input related to the List); id. at 10 (if Treasury released all responsive records, "the practical implications of the alleged utter lack of OFAC policies and procedures are quite stunning," and OFAC employees responding to inquiries "have not been provided any training materials and are not following any written policies and procedures in doing so"); id. at 11 (if Treasury released all responsive records, "OFAC has no established protocol for how to cross-check" whether an individual identified in a phone call to the hotline is actually the same person on the List); id. at

13 (the absence of certain policies and procedures among the records released by Treasury "would imply that OFAC just makes it up as it goes along how to respond to these inquiries"). Plaintiff should not be permitted to use this FOIA action seeking agency records as a forum to express plaintiff's views regarding Treasury's administration of the SDN List. Such views are not relevant to the issues in this FOIA action.

Similarly, the Court should disregard plaintiff's opinions regarding the practices of agencies other than Treasury with respect to the administration of any "watch list" other than the SDN List. See Pl. Opp. at 7 (asserting that, if Treasury released all responsive records, Treasury's practices are "at odds with the practices of other agencies that administer similar terrorist watch lists," namely the Terrorist Screening Center run by the FBI); id. at 13 ("it is useful to contrast" Treasury's lack of responsive documents "with the procedures followed by the Terrorist Screening Center"). In this action seeking records from Treasury under the FOIA, plaintiff's opinions regarding such matters are immaterial. The Court should also disregard plaintiff's opinions regarding Treasury's processing of unspecified other FOIA requests that are not at issue in the litigation. See Pl. Opp. at 4 ("Treasury is notorious for not responding to FOIA requests in a timely manner"); id. at 7 ("Treasury's infamously poor record for responding to FOIA requests"). Such opinions regarding other FOIA requests are not material to the issue of whether Treasury properly responded to the Request at issue here.

The Canter Declaration establishes that Treasury conducted an adequate search for responsive records in paper and electronic form. Because plaintiff lacks countervailing evidence, the Court should dismiss the Complaint.

**III.    PLAINTIFF SHOULD NOT BE PERMITTED TO CONDUCT DISCOVERY ON ITS CLAIM BROUGHT UNDER THE FOIA**

Plaintiff seeks to conduct discovery in the form of Rule 30(b)(6) depositions and requests for documents regarding training, policies, and procedures adopted and employed by OFAC in its administration of the SDN List. See Pl. Opp. at 13-14. The Complaint in this action contains a single claim seeking records under the FOIA, see Comp. ¶¶ 1, 4, 26, and Treasury has established that it conducted an adequate search for responsive records and released such

REPLY MEMO IN SUPPORT OF MOTION TO DISMISS  No. C 07-2590 PJH        -16-

records.  In actions brought under FOIA, discovery "is generally inappropriate," <u>Judicial Watch,</u>

<u>Inc. v. Export-Import Bank</u>, 108 F. Supp. 2d 19, 25 (D.D.C. 2000), and is "generally

unavailable." <u>Wheeler v. CIA</u>, 271 F. Supp. 2d  132, 139 (D.D.C. 2003); <u>see also</u> <u>Pollard v. FBI</u>,

705 F.2d 1151, 1154 (9th Cir. 1983) (affirming the denial of discovery concerning the contents of

exempted records in a FOIA action); <u>Katzman v. Freeh</u>, 926 F. Supp. 316, 319 (E.D.N.Y. 1996)

(discovery in a FOIA action "is extremely limited").  Agency declarations regarding the

adequacy of searches are to be accorded a presumption of good faith, and, if such submissions

are facially adequate, "discovery relating to the agency's search . . . generally is unnecessary."

<u>Carney v. DOJ</u>, 19 F.3d 807, 812 (2nd Cir. 1994); <u>see also</u> <u>Goland v. DOJ</u>, 607 F.2d 339, 352

(D.C. Cir. 1978) (if the agency's submissions are determined to be facially adequate, the court

may refuse discovery and award summary judgment based on the affidavits).

  Because plaintiff lacks countervailing evidence as to the adequacy of Treasury's search

for responsive records, the Court should grant summary judgment to Treasury based on the

agency's submission of the Canter Declaration.  In this action seeking the release of agency

records under the FOIA, plaintiff should not be permitted to conduct depositions regarding the

agency's administration of the SDN List.  <u>See</u> Pl. Opp. at 15.  Contrary to plaintiff's contention,

the proposed discovery is not "limited discovery for the purpose of ascertaining what responsive

documents Treasury has that have not been released."  <u>Id</u>.  Instead, plaintiff seeks to conduct

discovery regarding Treasury's administration of the SDN List, such as a deposition under Rule

30(b)(6) of the Federal Rule of Civil Procedure of the Treasury employee(s) most knowledgeable

regarding "[t]raining of the persons who answer calls to the OFAC hotline and respond to emails

submitted to the e-hotline."  Pl. Opp. at 14-15.  Plaintiff should not be permitted to use this FOIA

action as a vehicle to obtain discovery regarding Treasury's administration of its programs.

  District courts possesses broad discretion to control the discovery process in order to

protect parties from undue burden and expense and to promote judicial efficiency, under the

Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 1, 26(c); <u>Hallett v. Morgan</u>, 296 F.3d 732,

751 (9th Cir. 2002); <u>Diaz v. Paul J. Kennedy Law Firm</u>, 289 F.3d 671, 674 (10th Cir. 2002).  In

particular, courts have "broad discretion to stay discovery pending decisions on dispositive motions." Pacific Lumber Co. v. National Union Fire Ins. Co., 220 F.R.D. 349 (N.D. Cal. 2003) (citations omitted).  Limitations on pretrial discovery are proper if the discovery "would merely amount to a fishing expedition." First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 270 (1968).

As the Supreme Court noted, "judges should not hesitate to exercise appropriate control over the discovery process" in order to avoid undue burden and expense.  Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984) (affirming motion to stay where dispositive motion could be decided on the pleadings).  A district court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (finding no error in district court's grant of a protective order), quoting Wood v. McEwen,  644 F.2d 797, 801 (9th Cir. 1981) (per curiam).

## CONCLUSION

For these reasons, Treasury requests that the Court dismiss, in its entirety, plaintiff's Complaint.

Dated: October 31, 2007                    Respectfully submitted,

ELIZABETH J. SHAPIRO
Assistant Branch Director

/s/
PETER T. WECHSLER (MA # 330559)
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel:  (202) 514-2705
Fax: (202) 616-8470
peter.wechsler@usdoj.gov
*Attorneys for Defendant*