IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF SAN FRANCISCO BAY AREA,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>    Defendant. | No. C 07 2590 |

## THIRD DECLARATION OF VIRGINIA R. CANTER

### INTRODUCTION

I, Virginia R. Canter, declare as follows:

1. I am the Associate Director of the Resource Management office of the Office of Foreign Assets Control (OFAC) at the United States Department of the Treasury (Treasury). I have served in this position since May 29, 2005. Generally, my duties include administering, developing, and managing programs that provide the necessary communication, management support, and resources for conducting OFAC's mission. These programs include records and forms management, and Privacy Act and Freedom of Information Act (FOIA) administration. Therefore, my duties include supervisory responsibility for OFAC's processing of FOIA requests. Due to the nature of my official duties, I am familiar with the procedures followed by OFAC in responding to FOIA requests. The statements made in this declaration are based upon information within my personal knowledge or made available to me in the performance of my official duties.

## FACTUAL SUMMARY

**A.    Chronology**

2. By letter dated August 16, 2005 (FOIA request), the Lawyers' Committee for Civil Rights of the San Francisco Bay Area requested that Treasury release certain agency records from 2000 to the date of receipt of the request. A true and accurate copy of the FOIA request is attached hereto as Exhibit A.

3. As discussed below, the FOIA request seeks records involving OFAC's administration of the List of Specially Designated Nationals (SDN List) that is maintained by OFAC. As a result, Treasury assigned the FOIA request to OFAC for processing on behalf of Treasury.

4. By letter dated August 29, 2005 (Acknowledgment Letter), Treasury acknowledged receipt of the request and informed plaintiff that OFAC was "experiencing a substantial backlog of FOIA requests and [could] not meet the normal time limits," and that OFAC had "established an orderly procedure for responding to requests, which is generally on a first-in, first-out basis." A true and accurate copy of the Acknowledgment Letter is attached hereto as Exhibit B.

5. As described below, Treasury subsequently conducted a search for records responsive to the FOIA request, located all responsive records in paper and electronic form, and released such records to plaintiff by letter dated July 20, 2007 (Final Response). A true and accurate copy of the Final Response is attached hereto as Exhibit C.

**B.    The FOIA Request**

6. Items 1 through 6 of plaintiff's FOIA request generally sought agency records regarding the "number and nature" of inquiries made to OFAC by persons or companies with respect to possible or actual matches of a person's name to a name on the SDN List. See Exh. A. In particular, these items sought agency records regarding:

1. The number and nature of inquires made to the Office of Foreign Assets Control (OFAC) compliance hotline by companies regarding a possible name match to the SDN list or other watchlist.

2. The distribution of calls to the OFAC compliance hotline based on industry (including but not limited to banks, travel/tourism agencies, insurance companies, credit reporting agencies, nonprofit organizations, and money service businesses).

3. The number of calls received by the OFAC compliance hotline that resulted in an actual name match to the SDN list or other watchlist.

4. The number and nature of inquiries from companies/individuals about a credit report submitted by an applicant stating that the applicant might be on a government watchlist.

5. The number and nature of complaints from individuals whose names were flagged as similar to a name on the SDN list or other watchlist and any OFAC responses to such complaints.

6. The number and nature of complaints from individuals whose credit reports contained an alert regarding a possible name match to the SDN list or other watchlist, and any OFAC responses to those complaints.

7. Items 7 through 10 of the FOIA request generally sought agency records regarding the "policies and procedures" used by OFAC in connection with possible or actual matches of a person's name to a name on the SDN List. See Exh. A. In particular, these items sought agency records regarding:

7. Policies or measure taken to protect the civil rights and privacy interests of individuals whose names are flagged as similar to a name on the SDN list or other watchlist.

8. Procedures for individuals to remove their names from the SDN list or other watchlist or to establish that they are not actually on the watchlist.

9. Policies and procedures used by OFAC to determine whether an individual about whom the agency has received an inquiry is actually the same person identified on a government watchlist.

10. Policies and procedures used by OFAC once it has determined that an individual is actually on a government watchlist.

### C. OFAC Located and Treasury Released All Responsive Records in Paper Form

8. After OFAC was assigned to process the FOIA request, OFAC's Resource Management office distributed an internal memorandum to the assistant directors of each OFAC division likely to have documents responsive to the FOIA Request (the Designation and Investigations Division; the Information Technology Division; and the Compliance, Outreach and Implementation Division (the Compliance Division)), requesting that each division search its records and collect any potentially responsive records resulting from such search. In addition, OFAC distributed the internal memorandum to other divisions (the Civil Penalties Division, the Enforcement Division, the Licensing Division, the Policy Division, and the Records Management Division (the Records Division)) in order to ensure a full and complete search. After each division conducted the searches and forwarded potentially responsive records to OFAC's Resource Management office, Treasury released responsive records in paper and electronic form to plaintiff, as described below.

9. After the searches were conducted, OFAC determined that it does not maintain records in paper form responsive to items 1 to 6 of the FOIA request, regarding the number and nature of inquiries made to OFAC with respect to possible or actual name matches to the SDN List. To the extent that items 1 through 6 sought records regarding the number and nature of inquiries made to OFAC with respect to any watch list other than the SDN list, OFAC determined that it does not maintain records in any form, paper or electronic, regarding any watch list other than the SDN list. Treasury included this information in its Final Response. See Exh. C. In particular, to the extent that plaintiff makes allegations regarding "terrorist watch

lists" purportedly administered by "other agencies," see Plaintiff's Opposition to Treasury's Motion to Dismiss (Pl. Opp.) at 7, 12, 13, OFAC does not maintain records in any form, paper or electronic, regarding any such "terrorist watch list."

10. In connection with the searches, OFAC's Designation and Investigations Division located 9 pages of records responsive to items 7 through 10 of the FOIA request, regarding the "policies and procedures" used by OFAC in connection with name matches, for the period from 2000 to the date of receipt of the FOIA request. Treasury released these records in full to plaintiff on July 20, 2007. See Exh. C at 2. Although plaintiff asserts that Treasury adopted an "impermissibly narrow reading of the requests," see Pl. Opp. at 2, that assertion is incorrect. In conducting searches, Treasury properly construed the items in the FOIA request and released all responsive records that were located by OFAC. As discussed below, Treasury did not adopt a narrow reading of the FOIA request, but instead searched for any records in paper or electronic form that were potentially responsive. To the extent that plaintiff speculates that "responsive records may have been destroyed" in connection with the processing of the FOIA request, see Pl. Opp. at 4, that assertion is incorrect. Treasury released all responsive records that were located by OFAC.

## D. Treasury Released All Responsive Information in Electronic Form

11. In addition to searching for, locating, reviewing, and releasing responsive records in paper form, OFAC determined that the agency maintains some data in electronic form regarding the number of telephone calls and correspondence it has received. As discussed below, OFAC conducted computer searches of that electronic data to determine whether such data contained information that may relate to items 1 through 6 of the FOIA request, regarding the number and nature of inquiries made to OFAC with respect to possible or actual name matches to the SDN

List, for the period from 2000 to the date of receipt of the FOIA request. OFAC derived information responsive to items 1 through 6 from that electronic data and Treasury included this information in the Final Response. See Exh. C. To the extent that plaintiff alleges that the inclusion of this information derived from electronic data in the Final Response suggests there are additional records responsive to the FOIA request in paper or electronic form, and that Treasury failed to release such additional records, see Pl. Opp. at 6-7, those assertions are incorrect. After OFAC conducted searches of potentially responsive records, Treasury released all responsive records in paper and electronic form.

12. To the extent that items 1 through 6 sought records regarding the number and nature of inquiries made to OFAC with respect to any "watch list" other than the SDN list, OFAC determined that it does not maintain data in any form, electronic or paper, regarding any watch list other than the SDN list. Treasury included this information in the Final Response. See Exh. C. In particular, to the extent that plaintiff makes allegations regarding "terrorist watch lists" purportedly administered by "other agencies," see Plaintiff's Opposition to Treasury's Motion to Dismiss (Pl. Opp.) at 7, 12, 13, OFAC does not maintain records in any form, paper or electronic, regarding any such "terrorist watch list."

## OFAC SYSTEMS

### A. The Compliance Hotline

13. OFAC operates a call center (Compliance Hotline), by which the agency receives telephone calls from individuals and companies. The Compliance Hotline presents callers with nine options (Queues) at the main menu prompt. One of these Queues is designed to assist callers with a question in reference to an "SDN name match." Calls in this Queue included, but were not limited to, calls from companies regarding a possible name match to the SDN List.

14. Item 1 of the FOIA request sought agency records regarding "the number and nature of inquires made to the . . . compliance hotline by companies regarding a possible name match to the SDN list or other watchlist." Items 2 and 3 sought agency records regarding the number of certain calls received by the Compliance Hotline. OFAC determined that it does not maintain records in paper form responsive to these items of the FOIA request.

15. Some information regarding calls received by the compliance hotline is stored by OFAC in electronic form in log files (the Call Center Logs), and OFAC can access such information by the Queue selected by the caller. On May 30, 2007, OFAC's Information Technology Division conducted a computer search of the Call Center Logs, deriving the number of calls that selected the Queue for an SDN name match during the period from April 1, 2004 (when the call center was implemented), to the date of the search. The number of calls to that Queue included, but were not limited to, the number of calls from companies regarding a possible name match to the SDN List. OFAC derived, and Treasury released, the information regarding the number of calls in the Final Response. See Exh. C at 2.

16. To the extent that plaintiff refers to estimates of the number of calls received by the Compliance Hotline in one week or in one year, see Pl. Opp. at 12, any such estimate would include calls to all Queues, rather than being limited to calls placed to the Queue for an SDN name match. To the extent that plaintiff alleges that either the existence of any such estimate of calls received by the Compliance Hotline, or the information included in the final response regarding the number of calls to the Queue for an SDN name match "confirm that [additional] documents exist" that are responsive to the FOIA request, see Pl Opp. at 12, that allegation is incorrect. OFAC is unable to derive any additional information from the Call Center Logs that is

responsive to the FOIA request. Treasury released all responsive information derived from the Call Center Logs to plaintiff.

17. OFAC determined that the Call Center Logs do not include any other information responsive to items 1 through 6 of the FOIA request. Treasury included this information in the Final Response. See Exh. C at 2.

**B.    The Congressional Liaison**

18. Some telephone calls received by OFAC's congressional liaison involve possible names matches to the SDN List. Items 5 and 6 of the FOIA request sought agency records regarding the number of "complaints from individuals" regarding a possible name match to the SDN List. OFAC determined that it does not maintain records in paper form responsive to these items with respect to calls received by the congressional liaison.

19. OFAC maintains data in electronic form that contains some information regarding telephone calls made to OFAC's congressional liaison. OFAC's congressional liaison conducted a computer word search of this electronic data, deriving the number of entries related to telephone calls received from 2005 (when the data was created) to June 12, 2007 (when the search was conducted) regarding a possible name match to the SDN List. Treasury included this information regarding the number of telephone calls in the Final Response. See Exh. C at 2. OFAC determined that the data in electronic form does not include other information responsive to the FOIA request.

**C.    The Foreign Assets Control Database**

20. The Foreign Assets Control Database (FACDB), an electronic database maintained by OFAC, contains some information regarding the volume of correspondence received by the agency. Items 5 and 6 of the FOIA request sought agency records regarding the number of

"complaints from individuals" regarding a possible name match to the SDN List. OFAC determined that it does not maintain records in paper form responsive to these items with respect to correspondence received by OFAC.

21. OFAC's Records Division conducted a computer word search of FACDB, deriving the number of entries during the period from 1995 (when FACDB was implemented) to June 12, 2007 (when the search was conducted), that include at least one of the following terms: "credit report," "credit bureau," "Experian," "Equifax," "Transunion" (the three major credit bureaus), and "removal from SDN list." These terms were selected in order to derive information from FACDB regarding the volume of correspondence received by the agency with respect to possible or actual name matches to the SDN List. OFAC derived, and Treasury released, the information regarding the volume of correspondence in the Final Response. See Exh. C at 2. OFAC is unable to derive any additional information from FACDB that is responsive to the FOIA request.

22. OFAC determined that FACDB does not include other information responsive to the FOIA request. Treasury included this information in the Final Response. See Exh. C at 2.

**D.    The Agency Website**

23. On its website, OFAC operates two email accounts by which members of the public can direct questions to the agency. Items 5 and 6 of the FOIA request sought agency records regarding the number of "complaints from individuals" regarding a possible name match to the SDN List. OFAC determined that it does not maintain records in paper form responsive to these items with respect to emails received through these email accounts.

24. OFAC's Compliance Division conducted a computer word search of the emails received by the agency from November 1, 2001 (when the email account was created) to June of 2007 (when the search was conducted). Compliance officers searched for one or more of the

following terms: "credit report," "credit bureau," "Experian, "Equifax," "Transunion," "remove," and "list." These terms were selected in order to derive information from the email account regarding the number of emails received by the agency through its website with respect to possible or actual name matches to the SDN List. Treasury included this information regarding the number of emails in the Final Response. See Exh. C at 2.

25. OFAC's determined that this electronic data does not include other information requested in the FOIA request. Treasury included this information in the Final Response. See Exh. C at 2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 31, 2007

_____
Virginia R. Canter
Associate Director, Resource Management
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220