LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

| THOMAS R. BURKE | SUITE 800 | TEL (415) 276-6500 |
| DIRECT (415) 276-6552 | 505 MONTGOMERY STREET | FAX (415) 276-6599 |
| thomasburke@dwt.com | SAN FRANCISCO, CA 94111-6533 | www.dwt.com |

March 21, 2008

**VIA E-FILE AND HAND DELIVERY**

The Hon. Phyllis J. Hamilton
United States District Court for
the Northern District of California
450 Golden Gate Ave.
Courtroom 3, 17th Floor
San Francisco, CA 94102

Re:   *Case No.* **C07-2590 PJH**
      *Lawyers Committee for Civil Rights v. U.S. Treasury Dept.*

      **Request for Telephonic Hearing to Address Defendant Treasury's Non-Compliance With this Court's Order and Re-Scheduling of Motion for Attorneys' Fees**

Dear Judge Hamilton:

On behalf of plaintiff Lawyers' Committee for Civil Rights, we respectfully request that the Court schedule, at its earliest convenience, a brief telephone conference to address how it would like the parties to address two issues that have arisen since the Court dismissed this Freedom of Information Act matter on February 14, 2008.[1]

The first issue concerns the Treasury Department's extensive redaction of information in the documents this Court ordered it to produce. The Court's Order stated:

---

[1] The Court retains jurisdiction to enforce its order and to address attorneys' fees. *See Hamilton v. Nakai*, 453 F.2d 152, 158 (9th Cir. 1971) ("It is beyond the possibility of argument that a United States District Court has power to enforce its judgments"); *Keith v. Volpe*, 965 F. Supp. 1337 (C.D. Cal. 1996) (finding that court has jurisdiction to enforce judicial decree and stating, "Nor is this a revolutionary notion, for federal courts have long held a recognized power to enforce their judgments"); *Marshall v. International Brotherhood of Teamsters*, 1593. F2d 1293 (D.C. Cir. 1979) ("The power of a federal court to protect and enforce its judgments is unquestioned"); *Abbott Lab. v. Novopharm Ltd.*, 104 F.3d 1305, 1309 (Fed. Cir. 1997) (finding that "district court has inherent power to order the parties to the litigation to act in a manner that will enforce its judgment"). *See also* 5 U.S.C. § 552(a)(4)(E) regarding court's jurisdiction over attorneys' fees.

The Hon. Phyllis J. Hamilton  
March 21, 2008  
Page 2



> "Specifically, in terms of Treasury's electronic records, the court finds that: (1) the inquiries and/or complaints associated with the six data entries revealed by OFAC's search of the electronic database for calls to the congressional liaison; (2) the letters associated with the 67 data entries resulting from OFAC's search of the FACDB; and (3) the 53 entries resulting from OFAC's search of the electronic database for its website, are responsive to LCCR's FOIA requests.... Additionally, the court finds that the delisting petitions, which exist in paper form, may liberally be construed as 'complaints,' and are therefore also responsive to LCCR's FOIA requests...."

Order at 14-15. Rather than produce the records in conformance with the Order, Treasury on March 17, 2008, produced certain heavily redacted records and *entirely withheld* the 346 delisting petitions that this Court ordered to be produced. Treasury took this unwarranted action despite invoking *no* Freedom of Information Act exemptions during the entire course of litigation and while moving for summary judgment. Nor did Treasury ever reserve any rights to invoke exemptions at any point in the litigation or after learning of this Court's Order. As a result, Treasury may not now, after the Court specifically ordered the production of documents deemed responsive by both Treasury and the Court, claim exemptions it never previously raised. *See, e.g., Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (holding new exemption claims waived when raised for first time after district court ruled against government on its motion for summary judgment); *Ryan v. Dep't of Justice*, 617 F.2d 781, 792 (D.C. Cir. 1980) (refusing to allow an agency to invoke an exemption not previously "raised," stating instead that "an agency must identify the specific statutory exemptions relied upon, and do so at least by the time of the district court proceedings"); *Department of Justice Freedom of Information Act Guide, March 2007*, available at http://www.usdoj.gov/oip/foia_guide07/litigation_considerations.pdf, 142-43 (finding that "an agency's failure to preserve its exemption positions can lead to serious waiver consequences as FOIA litigation progresses – not only during the initial district court proceedings, but also at the appellate level, and even following a remand").

LCCR intends to seek to hold Treasury in contempt for its refusal to produce unredacted copies of the documents plainly called for in this Court's Order and anticipates that the Court will want to set a briefing schedule to address this issue before it hears LCCR's attorneys' fees motion.

The second issue concerns the currently scheduled deadline for LCCR to file its motion for attorneys' fees in this case. Given the additional briefing issues now presented in this case, it is now premature for LCCR to file its motion regarding recovering attorneys' fees, which has a scheduled deadline of March 28, 2008. Accordingly, to avoid an unnecessary expenditure of time and resources, LCCR also requests the Court continue the deadline for LCCR to file its attorneys' fees motion until these compliance issues are resolved.

SFO 405028v1 0050062-082073

The Hon. Phyllis J. Hamilton
March 21, 2008
Page 3



      In an effort to meet and confer with opposing counsel regarding these matters, yesterday, I spoke with Peter Wechsler, Assistant U.S. Attorney. Mr. Wechsler told me that he disagreed with LCCR's position regarding Treasury's failure to comply with the Court's Order. Mr. Wechsler stated that if LCCR is dissatisfied with Treasury's response, its remedy was to file an administrative appeal and potentially, file an entirely new FOIA action. Mr. Wechsler further stated that he didn't see any issues regarding timing of LCCR's attorneys' fees motion because in his view, "this matter is over."

      In light of Treasury's position regarding these matters, we appreciate the Court's attention to this matter.

Very truly yours,

Davis Wright Tremaine LLP

*Thomas R. Burke*

Thomas R. Burke

cc:    Peter T. Wechsler, Esq.
        Philip Kim Hwang, Esq.
        Jeffrey Glasser, Esq.

SFO 405028v1 0050062-082073