

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

FAC No. SDNT-400403

Thomas R. Burke, Esq.
Davis Wright Tremaine LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111

RE:   Lawyers' Committee For Civil Rights of San Francisco Bay Area v. United States Department of the Treasury, No. C 07-2590 (PJH)

Dear Mr. Burke:

This is to supplement the response of the Office of Foreign Assets Control (OFAC), the United States Department of the Treasury, dated June 20, 2007 (the Response), to a Freedom of Information Act (FOIA) request submitted by Shirin Sinnar, Esq., Lawyers' Committee for Civil Rights of the San Francisco Bay Area, San Francisco, California, dated August 16, 2005.

As you are aware, this FOIA request, which sought documents regarding the Specially Designated National list (SDN List) maintained by OFAC, was the subject of litigation in the United States District Court for the Northern District of California, Lawyers' Committee for Civil Rights of the San Francisco Bay Area v. United States Department of the Treasury, No. C 07-2590 PJH.  In an order dated February 14, 2008 (the Order), the Court directed OFAC to supplement its response to items 5 and 6 of the FOIA request, which sought agency records from 2000 regarding:

> (5) the number and nature of complaints from individuals whose names were flagged as similar to a name on the SDN list or other watchlist and any OFAC responses to such complaints, and
>
> (6) the number and nature of complaints from individuals whose credit reports contained an alert regarding a possible name match to the SDN list or watchlist, and any OFAC responses to those complaints.

In its response and subsequent filings, OFAC had stated in part as follows:

> • OFAC maintains data in electronic form that contains some information regarding telephone calls made to OFAC's congressional liaison.  A computer

search of this data yielded 6 entries related to telephone calls received from 2005 to June of 2007 regarding a possible name match to OFAC's SDN List.

- OFAC maintains the Foreign Assets Control Database ("FACDB"), an electronic database that contains some information regarding the volume of correspondence received by OFAC. A computer search of this database yielded 67 entries during the period from 1995 to June 12, 2007, that include at least one of the following terms: "credit report," "credit bureau," "Experian," "Equifax," "Transunion," and "removal from SDN list."

- OFAC maintains data in electronic form regarding the number of emails received by OFAC through its website. A computer search of this data yielded 53 entries during the period from November of 2001 to June of 2007 that includes at least one of the following terms: "credit report," "credit bureau," "Experian," "Equifax," "Transunion," "remove," and "list."

- Such communications constitute "inquiries and complaints" made to OFAC regarding a credit report alert or any other indication of a possible name match to the SDN List. However, items [5 and] 6 of the FOIA request do not seek copies of any such inquiries or complaints. Instead, [these] items seek records regarding "**the number and nature** of inquiries and complaints" made to OFAC, or "**the number and nature** of any OFAC responses to such complaints" (emphasis added). OFAC therefore interpreted [these] items as seeking records that aggregate or compile more than one written inquiry, complaint, or response to a complaint, rather than seeking copies of each individual inquiry, complaint, or response. As a result, OFAC did not process or release each individual letter associated with the data entries in FACDB, each individual email associated with the 53 data entries regarding OFAC's email accounts, or each individual record associated with the 6 data entries regarding phone calls received by OFAC's congressional liaison.

- Under regulations promulgated by OFAC, an individual may file a petition to remove his or her name from the SDN List ("Delisting Petitions"). Delisting petitions are applications acknowledging that the person is named on the SDN list and requesting that his or her name be removed from the SDN List. Therefore, such petitions, are not: (a) complaints from individuals whose names "were flagged as **similar** to a name on the SDN List" (Item 5), or (b) complains from individuals whose credit reports contained an alert "regarding a **possible** name match" to the SDN List (Item 6) (emphasis added). Accordingly, OFAC interpreted [these] items as not seeking records regarding delisting petitions, and OFAC did not process or release such records.

In the Order, the Court stated that items 5 and 6 of the FOIA request "could arguably be liberally construed as requests for records", and directed OFAC to deem the following records to be responsive to these items: (1) the inquiries and/or complaints associated with the six (6) data entries revealed by OFAC's search of the electronic database for calls to the congressional

2

liaison; (2) the letters associated with the sixty-seven (67) data entries resulting from OFAC's search of the FACDB; (3) the fifty-three (53) entries resulting from OFAC's search of the electronic database for its website; and (4) the delisting petitions.

With regard to the six (6) data entries associated with OFAC's search of the electronic database for calls to the congressional liaison, OFAC is releasing, in part, the six (6) records (Attachment A) deemed to be responsive by the Court, with redactions made pursuant to exemptions (b)(2) (protects from disclosure information related solely to the internal personnel rules and practices of an agency), (b)(5) (protects from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency), and (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties) of the FOIA.

With regard to the sixty-seven (67) data entries resulting from OFAC's search of FACDB, OFAC is releasing to you, in part, four (4) records (Attachment B) deemed to be responsive by the Court, with information redacted pursuant to exemptions: (b)(2) (protects from disclosure information related solely to the internal personnel rules and practices of an agency); (b)(5) (protects from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency); and (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties) of the FOIA. OFAC is withholding in full, one (1) record deemed to be responsive by the Court, pursuant to exemptions: (b)(4) (protects from disclosure information relating to commercial or financial information obtained from a person and considered privileged or confidential); (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties); (b)(7)(C) (protects from disclosure information that was compiled for law enforcement purposes and could constitute an unwarranted invasion of the personal privacy of third parties); (b)(7)(D) (protects from disclosure information that was compiled for law enforcement purposes and that would disclose the identities of confidential sources); and (b)(7)(F) (protects from disclosure information that was compiled for law enforcement purposes and that could reasonably be expected to endanger the life or physical safety of any individual) of the FOIA. The remaining sixty-two (62) records deemed to be responsive by the Court, OFAC determined to be delisting petitions and are addressed below.

With regard to the fifty-three (53) entries resulting from OFAC's search of the electronic database for its website, OFAC is releasing to you, in part, forty-two (42) records (Attachment C) deemed to be responsive by the Court, with information redacted pursuant to exemptions: (b)(2) (protects from disclosure information related solely to the internal personnel rules and practices of an agency); (b)(5) (protects from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency); and (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties) of the FOIA. The remaining eleven (11) records deemed to be responsive by the Court, OFAC determined to be delisting petitions and are addressed below.

Please be advised that several of the records counted as part of the fifty-three (53) entries are exact duplicates of other records or are records that were received on more than one occasion. This may have occurred as the result of the correspondent submitting the same inquiry on more than one occasion.

With regard to the delisting petitions OFAC has made the following determination. There are three hundred and forty-six (346) delisting petitions, deemed to be responsive by the Court. With regard to such delisting petitions, OFAC has made a determination that such records are to be withheld in their entirety from mandatory release pursuant to exemptions: (b)(3) (21 U.S.C. 1908); (protects from disclosure information specifically exempted from disclosure by statute) (b)(4) (protects from disclosure information relating to commercial or financial information obtained from a person and considered privileged or confidential); (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties); (b)(7)(A) (protects from disclosure information compiled for law enforcement purposes and could reasonably be expected to interfere with enforcement proceedings); (b)(7)(C) (protects from disclosure information that was compiled for law enforcement purposes and could constitute an unwarranted invasion of the personal privacy of third parties); (b)(7)(D) (protects from disclosure information that was compiled for law enforcement purposes and that would disclose the identities of confidential sources); and (b)(7)(F) (protects from disclosure information that was compiled for law enforcement purposes and that could reasonably be expected to endanger the life or physical safety of any individual) of the FOIA. In order to expeditiously comply with the Court's order, OFAC did not conduct a page-by-page review of all of the delisting petitions. OFAC did conduct a page-by-page review of a representative sample of delisting petitions. In addition, there were sixty-two (62) delisting petitions that were included within the set of sixty-seven (67) FACDB data entries which were reviewed in full, except as to those records that OFAC, after a reasonable search, was unable to locate. As to the latter set of records, OFAC was able to determine from the FACDB data entry records that those delisting petitions were filed with OFAC prior to the period of the FOIA request (i.e. prior to January 1, 2000.)

With regard to OFAC's responses related to the delisting petitions, OFAC is releasing, in part, forty-two (42) records (Attachment D), with information redacted pursuant to exemptions: (b)(2) (protects from disclosure information related solely to the internal personnel rules and practices of an agency); (b)(4) (protects from disclosure information relating to commercial or financial information obtained from a person and considered privileged or confidential); (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties); (b)(7)(C) (protects from disclosure information that was compiled for law enforcement purposes and could constitute an unwarranted invasion of the personal privacy of third parties); and (b)(7)(F) (protects from disclosure information that was compiled for law enforcement purposes and that could reasonably be expected to endanger the life or physical safety of any individual) of the FOIA. OFAC is withholding in full, one (1) record deemed to be responsive by the Court, pursuant to exemptions: (b)(2) (protects from disclosure information related solely to the internal personnel rules and practices of an agency); (b)(4) (protects from disclosure information relating to commercial or financial information obtained from a person and considered privileged or confidential); (b)(6) (protects from disclosure information that would constitute a clearly unwarranted invasion of the personal privacy of third parties);

(b)(7)(C) (protects from disclosure information that was compiled for law enforcement purposes and could constitute an unwarranted invasion of the personal privacy of third parties); and (b)(7)(F) (protects from disclosure information that was compiled for law enforcement purposes and that could reasonably be expected to endanger the life or physical safety of any individual) of the FOIA. In addition, there are thirteen (13) OFAC responses related to the delisting petitions that, after a reasonable search, OFAC was unable to locate.

You may appeal this decision, in writing, within 35 days after the date of this letter to the Freedom of Information Act, Disclosure Services (DO), Room 6204, Annex, Department of the Treasury, Washington, DC 20220. The deciding official for OFAC appeals is the Assistant Secretary of the Office of Terrorist Financing and Financial Crimes. Please include with your letter of appeal a copy of this response letter. Please reference FOIA case number FOIA No. 2005-08-044 in all future correspondence.

Sincerely,

Virginia R. Canter
Associate Director, Resource Management
Office of Foreign Assets Control