# ALAN R. KABAT

# EXHIBIT A

## A-42 through A-72

HAROLD B. LEE LIBRARY
BRIGHAM YOUNG UNIVERSITY
PO BOX 26800
PROVO, UTAH 84602-6800
(801) 378-2905
FAX: (801) 378-6708



October 31, 1995

Al-Haramain Foundation
PO Box 92684, Riyadh 11663
Riyadh, Saudi Arabia

Subject: Library Donation

We appreciate your donation of three Islamic books to the Harold B. Lee Library. Important libraries the world over began with donations from faithful donors. Today most libraries gratefully accept donations and use them to build their collections because no library can afford to buy all of the new books offered each year. Even the important books that merit being in a library are far too numerous and costly for a single library to acquire them all.

You have shown an interest in BYU's library by your donation and we would like your help in broadening our donor network. The more people who know our needs and who are willing to donate, the better our collection will become. Everyone knows someone who has books and who may be willing to donate them to the library. We are not seeking just any books but selected titles that fit our profiles. While we accept books brought to the library unannounced, we often are asked to look at a collection before it is donated in order to ascertain its suitability for our collection.

We are always interested in rare or significant items currently out of print that our collection may lack. Often donors wish to preserve their books in a library to assure their use long into the future. In some instances the donor may benefit from a tax deduction that provides a greater benefit than selling to a dealer or collector. There are many good reasons to give and we hope you and your friends will continue to give good books to the Harold B. Lee Library.

If you know someone who may have books, letters, or manuscripts to donate please contact me at the Library and I will contact them on your behalf or help you in soliciting the donation. Thanks again for your donation and for any effort you may make referring other donors to the Lee Library.

Sincerely,

Howard C. Bybee

Howard C. Bybee
Gifts Librarian
(801) 378-6777
FAX (801) 378-3221
E-Mail:Howard_Bybee@BYU.EDU

PUBLIC-AR0416

KABAT Exhibit A-42

*Torreyson Library*



**THE UNIVERSITY OF
CENTRAL ARKANSAS**

201 Donaghey Avenue
Conway, Arkansas 72035-0001

October 03, 1995

Eng'r. Soliman H. S. Al-Buthe
The Book Council
Al-Haramain Islamic Foundation
Post Office Box Number 69606
Riyadh 11557, Saudi Arabia

Dear Eng'r. Soliman H.S. Al-Buthe,

Greetings! It is a pleasure to hear from the Al-Haramain Islamic Foundation again and to know that the miscommunication has been cleared up.

Like you, I suspect the mail system may have been at fault and will ensure this communication reaches you to acknowledge our receipt of <u>Interpretation of the Meanings of the Noble Qur'an</u>, <u>Islam in Focus</u>, and <u>Shia and Sunni Perspective on Islam</u> on this date (October 03, 1995) by personally walking this letter and the forms you enclosed which I have completed thoroughly over to the campus post office and mailing them there myself rather than relying on them to get there safely via the campus mail carriers.

I will personally complete the checking in procedure here in the Acquisitions Department of our Library for the above referenced three Islamic Monograph Books today and deliver them to our Technical Services area for the in-house processing they do there before delivering them to the bookshelves for the use of faculty, staff, and students.

These books will all be a wonderful asset to our religious studies, our philosophy, sociology, and some other disciplines here at the University we service. A special thank you must be said for the <u>Interpretation of the Meanings of the Noble Qur'an in the English Language</u> volume. This is an extremely rare and valuable book in our Library and we feel especially priviledged to be gifted with it by your organization.

Respectfully,

*Leetta Perrin Brewer*

Leetta Perrin Brewer
Library Technical Assistant

cc:file    *Oct. 19, '95*

enc

PUBLIC-AR0417

KABAT Exhibit A-43



**JOHNSON C. SMITH UNIVERSITY**
CHARLOTTE, NORTH CAROLINA 28218

James B. Duke Memorial Library

April 2, 1997

The Book Council
Al-Haramain Islamic Foundation
P.O. Box 92684
Riyadh 11663
Saudi Arabia

Dear Book Council

This is to acknowledge receipt of your recent gift ( A brief
Guide to Understanding Islam) to James B. Duke Memorial Library,
and to thank you for the gesture.

The gift is, no doubt, an invaluable contribution to the
achievement of our objective, which is to acquire and disseminate
useful information to the community we serve.

A bookplate listing you as the donor will be placed in item if
selected for addition to our collection, by the library
bibliographer and/or faculty representative for the subject area.

Thanks again and best wishes.

Sincerely,

Esther O. Ogirri
Acquisitions Librarian

704-378-1210

PUBLIC-AR0418

KABAT Exhibit A-44

D10



NORTH PARK
COLLEGE & SEMINARY

September 19, 1995

Al-Haramain Islamic Foundation
P.O. Box 92684 Riyadh 11663
Kingdom of Saudi Arabia

Dear Sirs,

Your gift of the Islamic Monograph Books was apropos as plans are developing on campus to open a center for Middle East Studies. We are certain these resources will assist faculty and students in their studies. We would gratefully accept other new books when published.

Please accept our sincere thanks for this valuable contribution.

Sincerely,

Dorothy - E. Gross

Dorothy Ellen Gross
Library Director and
Associate Dean for Academic Support

PUBLIC-AR0419

KABAT Exhibit A-45

D11

 **WESTERN CONNECTICUT STATE UNIVERSITY**

A unit of The Connecticut State University

Danbury, Connecticut 06810

November 19, 1995

Soliman Albut'he
The Book Council
Al-Haraman Islamic Foundation
P.O. BOX 92684
Riyadh 11663
Saudi Arabia

Dear Mr. Albut'he:

Thank you very much sending us books on Islamic.

I have been very close worked with our professors who teach Islamic
cultural and history at our university and some other universities.
Currently, I am working on a project to enhance our collection on Islamic
history and culture.

As a librarian eith personal interastes on Islamic history and culture, I
would like to recevie regularly catalogs that your Foundation has published
and also other materials which will bring our professors and students
attention to the subject.

Thank you for your help.

Xiao Hua Yang
Librarian
Ruth Haas Library
Western Connecticut State University
181 White Street
Danbury, CT 06810
U.S.A

PUBLIC-AR0420


KABAT Exhibit A-46

NO. 415



Hutchins Library

# BEREA
# COLLEGE

Berea, Kentucky 40404

October 25, 1995

The Book Council
Al-Haramain Islamic Foundation
P.O. Box 69606
Riyadh 11557 Saudi Arabia

Dear Al-Haramain Foundation Members,

On behalf of the users of the Hutchins Library, I want to express our appreciation for your gift of 1 new hardback copy of the The Noble Qur'an and two new paperback books.

In keeping with our policy, the items are being reviewed by members of the library staff and school faculty. If the items are determined a necessary addition to our current collection they will added. If any item is a duplicate or is determined not to be added, it will be distributed to our students and faculty.

The quality of our collection is due in a large part to the many gifts of money and books to the library. Over the years friends of Hutchins Library have strengthened the library with their generous gifts.

Thank you again for your gift.

Sincerely,

Cathrine Roberts

Catherine Roberts
Head of Technical Services

cc: Stacia Berry

f: Gift Al-Haramain

PUBLIC-AR0421

KABAT Exhibit A-47

→ 6221911                    NO.415    P13

# 'Pacific States University
FOUNDED, NINETEEN HUNDRED AND TWENTY-EIGHT

January 7, 1996

SOLIMAN ALBUTH'HE
The Book Council
AL-HARAMAIN ISLAMIC FOUNDATION
P.O. Box 92684
Riyadh 11663
Saudi Arabia

Dear, Soliman Albuth'he

In reply to your letter post mark December 26, 1995,
we received the books dated December 2, 1995; as follows:

        1 hard copy -Interpretation of the meanings of the
                   Noble Qur'an in the English Language,
                   -Summarized in one Vo. by Dr. Muhammad
                   Taqi-ud-Din Al-Hilali, & Dr. Muhammad
                   Muhsin Khan.

        2 paper back-   Islam in Focus, by Hammudah Abdalati
                   Shia & Sunni Perspective on Islam, by
                   Dr. Ahmad Abdullah Salamah.

Your generosity is sincerely appreciated.

Sincerely,

University Librarian



**1516 South Western Avenue       Los Angeles, California 90006 U.S.A.**
**(213) 731-2383  (213) 731-2384  (213) 731-2385 / Fax: (213) 731-7276**

PUBLIC-AR0422

KABAT Exhibit A-48

074

BOARD OF LIBRARY
COMMISSIONERS

GARY A. ROSS
PRESIDENT
OLIVIA CUEVA-FERNANDEZ
VICE PRESIDENT
LINDA J. BALDWIN
ROBERT BURKETT
LUCY A. McCOY
—
SUSIE D. FRIERSON
EXECUTIVE ASSISTANT

# CITY OF LOS ANGELES
## CALIFORNIA



RICHARD J. RIORDAN
MAYOR

LOS ANGELES
PUBLIC LIBRARY
ADMINISTRATIVE OFFICES
630 WEST FIFTH STREET
LOS ANGELES CA 90071
(213) 228-7515
—
SUSAN GOLDBERG KENT
CITY LIBRARIAN

August 31, 1995

The Book Council
Al-Haramain Foundation
Riyadh, Saudi Arabia

Gentlemen:

Thank you so much for your recent gift of three books to the Los Angeles Public Library. Please excuse the delay in acknowledgement, but your enclosed reply form was somehow lost during processing of the titles.

You may be assured the materials will be well used. This library has an excellent Islamic collection and is continuing to build it in response to steadily increasing demand from the community. In fact, it is impossible to keep Korans in sufficient quantity to ensure availability on demand. Your assistance is especially appreciated in these times of reduced funding.

Again, thank you for your contributions to the Los Angeles Public Library.

Very truly yours,

Marilyn C. Wherley
Department Manager
Social Science/Philosophy & Religion

PUBLIC-AR0423

KABAT Exhibit A-49

LAW OFFICES

## BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

†ADMITTED IN MD ALSO
°ADMITTED IN NY ALSO
*ADMITTED IN CA ALSO

<u>By Hand Delivery and First Class Mail</u>
May 27, 2004

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
Licensing Division
1500 Pennsylvania Avenue, N.W., Annex
Washington, D.C. 20220

Re:  <u>Al Haramain Islamic Foundation, Inc., SDG # 305 (License Request Pending)</u>

Dear Mr. Newcomb:

I am writing at the request of Cari Stinebower, Esquire, to provide OFAC with copies of the following authenticated translations of three Arabic-language documents that were provided as exhibits to the May 14, 2004 letter submitted on behalf of the Al Haramain Islamic Foundation, Inc. (U.S.A.) ("AHIF").  These translations are as follows:

(1) Memorandum of Understanding between the Russian Ministry for Civil Defense Affairs and the Saudi Joint Relief Committee for Kosovo and Chechnya (December 1999);

(2) Al Haramain Islamic Foundation, deposit slip for Chechnya Committee in Al Rajhi Banking & Investment Corporation (Jan. 4, 2004); and

(3) Affidavit of Al Haramain Islamic Foundation (Saudi Arabia) (executed by Khalid Bin Obaid Azzahri) (May 3, 2004).

It has come to our attention that AHIF and Perouz Sedaghaty were named in the Application for Material Witness Order and Warrant Regarding Witness: Brandon Bieri Mayfield.  If the statements made about AHIF or Mr. Sedaghaty form any part of the basis for OFAC's consideration of the designation of AHIF as a Specially Designated Global Terrorist (SDGT), we would like OFAC to supplement the administrative record, and provide us with a full opportunity to respond to those allegations.

KABAT Exhibit A-50

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
May 27, 2004
Page 2

In addition, we would like to supplement our response to OFAC with an affidavit by an Islam law who can explain and put in context the statements in the Addendum to the "Noble Qur'an" referenced in the Mayfield warrant.

Finally, we would appreciate a response from OFAC to the letter of April 30, 2004 of the firm of Gessler Hughes Socol Piers Resnick & Dym, Ltd., which requested a license to represent AHIF.

Please call me if you have any questions about this letter or my previous letters to OFAC.

Sincerely,

Lynne Bernabei

Enc.

cc:  Cari Stinebower, Esquire (by telecopier)
     Mary M. Rowland, Esquire (by telecopier)

PUBLIC-AR0398

KABAT Exhibit A-51



مكتب
د. باسم عبد الله عالم
الترجمة
Translation Office of
**BASSIM A. ALIM, Esq.**

Date: 27/05/2004 AD
Ref.: 14275/01/01

التاريخ: ١٤٢٥/٠٤/٠٨هـ الموافق ٢٧/٠٥/٢٠٠٤م

الرقم: ١٤٢٧٥/٠١/٠١

## <u>TRANSLATION</u>

ترجمـــــة

This document was translated for official use.

تمت هذه الترجمة لتقديمها للجهات الرسمية التي

This document consists of (6) pages as per the following sequence: -

وهي مكونة من (٦) صفحات بحسب الترتيب أدناه: ـ

This cover.

١- صفحة الغلاف.

2- The translation     (English).

٢- الصفحة/الصفحات المترجمة    (إنجليزي).

3- The translated page/s    (Arabic).

٣- الصفحة/الصفحات المترجم منها    (عربي).

This translation is deemed to be complete provided that all the above documents are attached and intact. We testify to the accuracy of the translation without any responsibility for the contents.

ولا تعتبر هذه الترجمة كاملة إلا بوجود جميع الصفحات دون أي تبديل أو حذف أو إضافة، بما في ذلك صور التصفحات المترجم منها، كما أن المكتب لا يتحمل أية مسؤولية عن صحة المحتويات.

د. باسم عبد الله عالم
Bassim A. Alim, Esq.

License No. 225
J.C.C. 47257

PUBLIC-AR0399

هذه الترجمة مكونة من (٦) صفحات شاملة لهذه الصفحة الأولى المختومة
This translation consists of (6) pages including this first page bearing the office seal as per page numbering.

01/01/14275/DBNJ2511, 270504AIWAM

page-1

شارع وادي العهد، حي النسيم، الدور الرابع تحت رقم ١٧، ص.ب ٢١٤١١ جدة ٢١٤٣٢ المملكة العربية السعودية، هاتف ٦٥١٣٣٢١، فاكس ٦٥١٥٩٢٥، تلي ٢٠٥ ت١٤، رقم ٤٧٢٥٧
Wadi Al Ahd St., Nseer Dist. Suite No. 17, P.O. BOX 21411 Jeddah 21432 Kingdom of Saudi Arabia, Phone No. 651-3321 Fax No. 651-5925, License No. 205 T14 No. 47257

KABAT Exhibit A-52

███████

Memorandum of understanding between The Russian Ministry for Civil Defense Affairs, Emergency and Removing Natural Disasters Sequences (Russian Ministry of Emergency), and The Saudi Joint Relief Committee for Kosovo and Chechnya, about The Provision of Humanitarian Aids for the needy people in Northern Quqaz

According to the needs of tens of thousands of people for humanitarian aids, and as per the Saudi desire to contribute in the mitigation of the sufferings, and because of the Russian understanding of the Saudi noble intentions, the two parties have reached a memorandum of understanding for providing humanitarian aids. This accord is to be signed between the Ministry of Emergency in the Federal Republic of Russia – here in after be referred to as the Ministry of Emergency- and The Saudi Joint Relief Committee for Kosovo and Chechnya- herein after be referred to as The Committee, about the procedures organizing the provision of relief aids as follows:

1. The Committee should organize its work in cooperation with the Ministry of Emergency and the relevant Federal agencies of the Russian authorities and in coordination with UN agencies in Russia.

2. The Committee should provide its humanitarian support to the poor people in northern Quqaz.

3. The Committee should assign a supervising team for the aids providing process.

4. The Ministry of Emergency will provide facilities such as transporting aids from the kingdom to Russia as well as tax-exempting, and the contribution in securing goods from the local market- if needed- beside value added and local tax-exemption.

5. The Committee will coordinate with The Ministry of Emergency and the local authorities and agencies in the reconstruction of mosques and other institutions in Dagestan and Chechnya, according to a survey conducted by the committee for estimating the needs for reconstruction.

6. The Committee will coordinate with the Russian side to maintain media (press & TV) coverage for the process of providing aids.

7. The Committee undertakes to provide The Russian Ministry of Emergency and Ministry of Foreign Affairs (the Russian Embassy in Riyadh) with detailed data about the relief aids.

8. The Committee transports the aids to warehouses in its own expenses. but it can use the Ministry trucks to take aids to the affected areas, with a representing team; and it can put it's logos on the Ministry trucks.

9. The Committee can coordinate with The Ministry of Emergency to establish a camp for the displaced people or sponsor an available one with providing all needs of the camp.

10. The Committee will coordinate closely with The Ministry of Emergency to open an office for the committee in Moscow and PhiladiQuqas in order to carry out this Memorandum of understanding.

PUBLIC-AR0400

01/01/14275/08042511. 270504A13/AM

page -2-

11. The Ministry of Emergency should help the committee to rent a suitable warehouse.

12. This Memorandum of Understanding represents a legal guard for the committee team and its working programs.

13. This memorandum of understanding has been prepared of two original copies in Arabic and Russian languages. Each part will keep a copy of each language; the two copies have equal legal power. Both sides will cooperate to carry out this noble work in honorific way to fulfill the intended goals.

For: The Russian Ministry for Civil Defense Affairs,
Emergency and Removing Natural Disasters Sequences
(The Ministry of Emergency)

For: The Saudi Joint Relief Committee for Kosovo and Chechnya
Dr. Majid Abdul Aziz Al Turki,
Secretary General



PUBLIC-AR0401

KABAT Exhibit A-54

<u>Меморандум о взаимопонимании между Министерством Российской Федерации по делам гражданской обороны, чрезвычайным ситуациям и ликвидации последствий стихийных бедствий (МЧС России) и Межведомственным Саудовским Комитетом по оказанию гуманитарной помощи Косово и Чечне о мерах по оказанию саудовской гуманитарной помощи нуждающимся в Северо-Кавказском регионе</u>

مذكرة تفاهم بين وزارة روسيا الاتحادية لشؤون الدفاع المدني والطوارئ وإزالة عواقب الكوارث الطبيعة (وزارة الطوارئ لروسيا) واللجنة السعودية المشتركة لإغاثة كوسوفو والشيشان، حول تقديم المساعدة الإنسانية للمحتاجين إليها في منطقة القوقاز الشمالي

Исходя из того, что десятки тысяч людей нуждаются в гуманитарной помощи,

Основываясь на желании саудовской стороны принять участие в облегчении их участи,

Учитывая понимание российской стороной благородства целей саудовской инициативы,

Выполняя желание двух сторон надлежащим образом организовать предоставление помощи, было достигнуто взаимопонимание между Министерством по чрезвычайным ситуациям РФ (далее МЧС России) и Межведомственным Саудовским Комитетом по оказанию гуманитарной помощи Косово и Чечне (далее Комитет) о мерах по предоставлению гуманитарной помощи в соответствии с нижеследующим:

1. Комитет организует свою работу в тесном взаимодействии с МЧС России и другими представителями федеральных органов российской власти, также в координации со структурами ООН в России.

2. Комитет будет предоставлять гуманитарную помощь нуждающимся в Северо-Кавказском регионе.

3. Комитет будет осуществлять контроль за процессом оказания помощи : распределения среди нуждающихся

انطلاقا من حاجة عشرات الألوف من الناس للمساعدة الإنسانية،

وبناء على رغبة الجانب السعودي في الإسهام لتخفيف معاناتهم،

ونظرا لتفهم الجانب الروسي للأهداف السامية للمبادرة السعودية،

وتعبيرا لرغبة الطرفين في تنظيم تقديم هذه المساعدات بصورة مناسبة، فقد تم التفاهم بين وزارة الطوارئ لروسيا الاتحادية (يشار إليها لاحقا وزارة الطوارئ) من جهة، واللجنة السعودية المشتركة لإغاثة كوسوفو والشيشان (يشار إليها لاحقا اللجنة) من جهة أخرى حصول إجراءات خاصة يرتب بترتيب تقديم مساعدات إغاثية وفق الآتي:

أولا، تقوم اللجنة السعودية المشتركة بتنظيم عملها بالتعاون الوثيق مع وزارة الطوارئ لروسيا وغيرها من الهيئات الفدرالية للسلطة الروسية، وكذلك بالتنسيق مع منظمات الأمم المتحدة في روسيا.

ثانيا، تقدم اللجنة مساعداتها الإغاثية الإنسانية للمحتاجين المتواجدين في منطقة القوقاز الشمالي.

ثالثا، تشرف اللجنة على عملية تقديم



PUBLIC-AR0402

KABAT Exhibit A-55

через рабочую группу, уполномоченную Комитетом.

4. МЧС России предоставит льготы при организации доставки помощи из Королевства, включая освобождение от таможенных пошлин, и, по запросу саудовской стороны, будет оказывать содействие в приобретении товаров на российском рынке с освобождением товаров от НДС и налога с продаж.

5. Комитет, при взаимодействии с МЧС России и органами местной власти в регионе, будет принимать участие в восстановлении мечетей и других объектов в Дагестане и Чечне после определения на месте необходимых объемов работ.

6. Комитет, при координации и содействии российской стороны, будет освещать через прессу и телевидение процесс оказания помощи.

7. Комитет обязуется обеспечивать МЧС России подробной информацией о гуманитарной помощи, а также информировать МИД России (Посольство Российской Федерации в г.Эр-Рияд) о всех составляющих помощи.

8. Комитет будет осуществлять транспортировку помощи до складского мещения за свой счет. Доставка гуманитарного груза по мест раздачи будет осуществляться с помощью транспортных средств МЧС России в сопровождении представителей рабочей группы Комитета, которые имеют право обозначать транспортные средства МЧС эмблемой Комитета.

9. Комитет, при координации с МЧС России, может создать новый палаточный городок для переселенцев или взять полностью на себя обеспечение всем необходимым одного из существующих палаточных городков.

10. МЧС России и Комитет будут тесно сотрудничать в открытии бюро Комитета в Москве и Владикавказе для

<div dir="rtl">

2

مساعدات وتوزيعها على المحتاجين من خلال فريق عمل تكلفه اللجنة.

رابعا، إن وزارة الطوارئ تقدم تسهيلات في تنظيم نقل المساعدات من المملكة بما فيه الإعفاء من الضرائب الجمركية، وتساهم في حالة طلب الطرف السعودي، في اقتناء البضائع من السوق الروسية مع إعفائها من ضريبة القيمة المضافة والضريبة المعنية.

خامسا، تسهم اللجنة، بالتنسيق مع وزارة الطوارئ في روسيا وجهات السلطات المحلية في المنطقة، في إعادة إعمار المساجد وغيرها من المنشآت في داغستان والشيشان، بناء على مسح ميداني تقوم به اللجنة لتقدير الاحتياجات.

سادسا، تقوم اللجنة، بالتنسيق مع الطرف الروسي ومساعدته، بالتغطية الإعلامية (صحفيا وتلفزيونيا) على عملية تقديم المساعدات.

سابعا، تلتزم اللجنة بموافاة وزارة الطوارئ بيانات مفصلة عن المساعدات الإغاثية، وإطلاع وزارة الخارجية الروسية (سفارة روسيا الاتحادية بالرياض) على تفاصيل المساعدات.

ثامنا، تقوم اللجنة بنقل المساعدات الى المستودع على نفقتها الخاصة وتعين بسيارات الشحن التابعة لوزارة الطوارئ نقل المساعدات الى أماكن توزيعها برفق عملي فريق عمل حيث يحق لهم لصق شعار اللجنة على سيارات وزارة الطوارئ.

تاسعا، يمكن للجنة بالتنسيق مع وزارة الطوارئ إنشاء مخيم للنازحين أو كفالة مخيم قائم يكون تحت إشرافها المباشر مع تلبية كافة احتياجات المخيم.

عاشرا، تعاون اللجنة ووزارة الطوارئ بصورة

</div>



PUBLIC-AR0403

KABAT Exhibit A-56

реализации положений меморандума.

11. МЧС России окажет содействие Комитету в аренде подходящего склада.

12. Настоящий документ служит юридической защитой рабочей группы Комитета и ее деятельности по реализации рабочей программы согласно настоящему меморандуму.

13. Меморандум составлен в двух подлинных экземплярах на арабском и русском языках, по одному каждой из сторон, и оба экземпляра имеют одинаковую юридическую силу.

Обе стороны будут сотрудничать в достойном осуществлении этого благородного дела, стремясь достичь намеченных целей.

ـديقة في فتح مكتب للجنة في موسكو والألأداق قـاز للإشراف على تنفيذ أحكام هذه المذكرة.

حادي عشر، تساعد وزارة الطـوارئ الجـنـة على استئجار مستودع مناسب.

ـاني عشر يعتبر هذه الوثيقة حماية قانونية لفريق اللجنة وبرامج عملها وفقا لهذه المذكرة.

ثالث عشر، حررت المذكرة على نسختين أصليتين باللغة العربية والروسية ويحفظ كل طـرف نسخة منها وللنسختين نفس القوة القانونية.

وسوف يتعاون الطرفان على تحقيق هـذا العمل النبيل بصورة مشرفة سعيا منهما لبلـوغ الأهداف المرجوة.


**От Министерства Российской Федерации по делам гражданской обороны, чрезвычайным ситуациям и ликвидации последствий стихийных бедствий (МЧС России)**

عن/ وزارة روسيا الاتحادية لشؤون الدفاع المدني والطوارئ وإزالة عواقب الكوارث الطبيعية  (وزارة الطوارئ لروسيا)

**От Межведомственного Саудовского Комитета по оказанию гуманитарной помощи Косово и Чечне Ген.секретарь д-р Маджед Ат-Турки**

عن/اللجنة السعودية المشتركة لإغاثة كوسوفا والشيشان الأمين العام الدكتور ماجد عبد العزيز التركي

Москва, " " декабря 1999 года

موسكو، " " ديسمبر ١٩٩٩م



PUBLIC-AR0404

KABAT Exhibit A-57

مكتب
**د. باسم عبد الله عالم**
الترجمة
Translation Office of

**BASSIM A. ALIM, Esq.**

Date: 27/05/2004 AD
Ref.: 14277/01/01

التاريخ: ١٤٢٥/٠٤/٠٨هـ الموافق ٢٠٠٤/٠٥/٢٧م

الرقم: ١٤٢٧٧/٠١/٠١

## TRANSLATION

ترجــــــــمة

This document was translated for official use.

تمت هذه الترجمة لتقديمها للجهات الرسمية التي طلبتها.

This document consists of (3) pages as per the following sequence: -

وهي مكونة من (٣) صفحات بحسب الترتيب أدناه: -

1- This cover.

١ – صفحة الغلاف.

2- The translation          (English).

٢ – الصفحة/الصفحات المترجمة          (إنجليزي).

3- The translated page/s   (Arabic).

٣ – الصفحة/الصفحات المترجم منها          (عربي).

This translation is deemed to be complete provided that all the above documents are attached and intact. We testify to the accuracy of the translation without any responsibility for the contents.

ولا تعتبر هذه الترجمة كاملة إلا بوجود جميع الصفحات دون أي تعديل أو حذف أو إضافة، بما في ذلك صور الصفحات المترجم منها، كما أن المكتب لا يتحمل أية مسئولية عن صحة المحتويات.

د. باسم عبد الله عالم
Bassim A. Alim, Esq.

This translation consists of (3) pages including this first page bearing the office seal as per page numbering.

PUBLIC-AR0405

01/01/14277/080425H. 270504AD/AM

شارع ولي العهد، بناية مير – الدور الرابع، شقة ١٧، ص.ب. ١٠٣٦١ جدة ٢١٤٣٣ المملكة العربية السعودية، هاتف : ٦٥١٣٣٢١ / ٦٥١٠٣٦٣ فاكس: ٦٥١٠٨٤٦، ترخيص رقم ٢٣٥، ج.ي.ع، رقم ٤٧٢٥٧
Wali Al-Ahd St. Ahen Unig. Suite No. 17, P.O. BOX 10361 Jeddah 21433 Kingdom of Saudi Arabia, Phone No. 651-3321/651-0363 Fax No.651-0846, License No. 235, J.C.C. No. 47257

KABAT Exhibit A-58

AL RAJHI BANKING & INVESTMENT CORP.
Saudi Joint Stock Co. - Paid up Capital SR. 1,500,000,000
C.R. No. 66 - Head Office: P.O. Box 28 - Riyadh 11411

## DEPOSIT SLIP

BRANCH: Olaya Road

Date: 27/09/1420
Cors: Jan. 04, 2004

Credit Account No.
| 7 | 7 | 7 | 6 | 1 | 1 | 6 | | | | | |

T. Branch: 349

Name: Chechnya committee

| Drawer's A/C No. | Drawee Branch | Cheque No. | Amount (Cheque/Cash) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| 96669 / 5 | 165 | 1403 | | 5 | 2 | 5 | 0 | 0 | 0 |
| | | | | 5 | 2 | 5 | 0 | 0 | 0 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Depositor's Name: Al-Haramain Islamic Foundation

I.D. No. : _____

Date & Place of Issue: : _____

Nationality : _____

Sponsor's Address : _____

Telephone No. : _____

Amount : Five Million two hundred fifty thousand only.

Depositor's Sig. : _____



PUBLIC-AR0406

شارع ولي العهد - بناية عمير - الدور الرابع شقة ١٧ - ص.ب ١٦٣١ جدة ٢١٤٣٣ المملكة العربية السعودية. هاتف ٦٥١٣٣٢١/٦٥١٨٨٤٨ فاكس ٦٥١٨٨٤٨ ، ٨٢١ ، ٨٢١ ، ترخيص رقم ٢٣٥، غ.ت.ص رقم ٤٧٣٥٧
Wali Al-Ahd St., Ameer Bldg. Suite No. 17, P.O. Box 1631 Jeddah 21433 Kingdom of Saudi Arabia, Phone No. 651-3321/651-8363 Fax No.651-8848 , License No. 235 , J.C.C. No. 47357

FAX NO. :

Apr. 25 2004 10:25AM P1

AL RAJHI BANKING & INVESTMENT CORP.

DEPOSIT SLIP

BRANCH :

Credit Account No.

T.Branch :

| Depositor's Name : | Drawer's A/C No. | Drawee Bran h | Cheque No. | Amount (Cheque/Cash) |
|---|---|---|---|---|
| I.O. No. : | ٩٨٥٩١٥ | ١٦٦ | ٢٩٢ | ١٥٬٦٥٠ |
| Date & Place of Issue : | | | | |
| Nationality : | | | | |
| Sponsor's Address : | | | | |
| Telephone No. : | | | | |

Name :



PUBLIC-AR0407

KABAT Exhibit A-60

مكتب
**د. باسم عبد الله عالم**
الترجمة
Translating Office

**BASSIM A. ALIM, Esq.**

Date: 27/05/2004 AD
Ref.: 14274/01/01

التاريخ: ١٤٢٥/٠٤/٠٨هـ الموافق ٢٠٠٤/٠٥/٢٧م
الرقـــم: ١٤٢٧٤/٠١/٠١

## TRANSLATION

ترجمـــــة

This document was translated for official
use.

تمت هذه الترجمة لتقديمها للجهات الرسمية التي
تطلبها.

This document consists of (3) pages as
per the following sequence: -

وهي مكونة من (٣) صفحات بحسب
الترتيب أدناه: -

- This cover.

١- صفحة الغلاف.

2- The translation      (English).

٢- الصفحة/الصفحات المترجمة      (بالإنجليزي)

3- The translated page/s   (Arabic).

٣- الصفحة/الصفحات المترجم منها   (عربي)،

This translation is deemed to be complete
provided that all the above documents are
attached and intact. We testify to the
accuracy of the translation without any
responsibility for the contents.

ولا تعتبر هذه الترجمة كاملة إلا بوجود جميع
الصفحات دون أي تعديل أو حذف أو إضافة، بما في
ذلك صور الصفحات المترجم منها، كما أن المكتب
لا يتحمل أية مسؤولية عن صحة المحتويات.



د. باسم عبد الله عالم
Bassim A. Alim, Esq.

License No. 235
J.C.C. 47257

27-5-2009

هذه الترجمة مكونة من (٣) صفحات شاملة توثيق المكتب بالصفحة الأول العربية
وطبقاً إلى صفحة واحدة مترجم سهماً وذلك حسب الترقيم الموجود في أسفل الصفحة والصفحات المترجمة تحم المكتب
This translation consists of (3) pages including this first page bearing the office
seal as per page numbering

01/01/14274/DBU-I25H. 270504AD/AM

page-1

PUBLIC-AR0408

شارع ولي العهد، بناية جير - الدور الرابع شقة ١٧، ص.ب ٣١٣٦١ جدة ٢١٤٣٣ المملكة العربية السعودية. هاتف ١٣٢٢١/٦٥١.٣٩٢ فاكس ٦٥١.٠٥٥. ترخيص رقم ٢٣٥، س.ت.ج رقم ٤٧٢٥٧
Wali Al-Ahd St. Abeer Bldg Suns No. 17, P.B. BOX 31361 Jeddah 21433 Kingdom of Saudi Arabia. Phone No. 651.3321.651.0363 Fax No 651.0848., License No. 235, J.C.C. No. 47257

KABAT Exhibit A-61

## AFFIDAVIT OF Al HARAMAIN ISLAMIC FOUNDATION

1.  Al Haramain Foundation starts fundraising campaign for relief Muslim in Chechnya in 1999.

2.  Normally the collection of the fundraise (Cash & Cheques) take the following steps:-

    a.  To Issue a receipt voucher to the donor.

    b.  Deposited all fundraise ( Cash & Cheques) in Al Haramain bank account at Al Rajhie banking & investment co.

    c.  The cashier submit to the financial department all (cash/cheques) deposit receipts with copies of receipt vouchers for checking and ordination. then our department will give a notice to the committees to proceed and follow up the relief and humanitarian works accordingly .

3.  In March 2000 our Cashier received an amount of (SR.703.514.00) in cash from Soliman Bin Hamad Al Buthi, which is the total fundraise collected by Al-Haramain U.S. office for relief of Muslims in Chechnya.

4.  Accordingly, we follow the steps mentioned above and issued a receipt voucher number (262740) and (263867). The money was spent in Humanitarian and relief work for Chechen refugees.

5.  Executed on the 3rd of May, 2004, in the Kingdom of Saudi Arabia.

---

**Khalid Bin Obaid Azzahri**

In his official capacity as the Financial & Administrative Manager



01/01/14274/080425H. 270504AD/AM

page -2-

KABAT Exhibit A-62

**AL-HARAMAIN ISLAMIC FDN.**

**Head Office - Riyadh**



مؤسسة الحرمين الخيرية

المكتب الرئيس – الرياض

Ref. :

Date :

الرقم : ـــــــــــــ

التاريخ : ـــــــ

### إفادة من مؤسسة الحرمين الخيرية

١. لقد بدأت مؤسسة الحرمين الخيرية حملة جمع تبرعات لإغاثة مسلمي الشيشان في عام ١٩٩٩م.

٢. عادة تجمع التبرعات النقدية والشيكات في الصندوق وفق الخطوات التالية:

أ– تحرير سند قبض للتبرع باستلام المبالغ.

ب– تودع المبالغ النقدية والشيكات في الحساب الخاص بالمؤسسة في شركة الراجحي المصرفية للإستثمار.

جـ– تعبئة سندات الإيداع مع صورة من سند القبض للإدارة المالية بالمؤسسة للتدقيق والمتابعة، وتبلّغ اللجان العاملة بذلك لتنفيذ ومتابعة الأعمال والإغاثية والإصابية وفقاً لذلك.

٣. في شهر مارس من عام ٢٠٠٠م استلم الصندوق من سليمان بن حمد البطحي مناولة مبلغ نقدي قدره (٧٠٣٥١٤ ريال)، عبارة عن إجمالي قيمة التبرعات التي جمعت بواسطة مكتب المؤسسة في أمريكا لصالح إغاثة مسلمي الشيشان.

٤. بناءً علية تم إتباع الخطوات التي تم ذكرها أعلاه وحررت سندات قبض برقم (٢٦٢٧٤٠) ورقم ( ٢٦٣٨٦٧ ). وقد صرف المبلغ المذكور في الأعمال الإغاثية والإنسانية للاجئين الشيشانين.

٥. حرر في يوم الأحد للموافق ٣ مايو من عام ٢٠٠٤م

مساعد المدير العام للشئون المالية والإدارية




PUBLIC-AR0410

TOTAL P.12

KABAT Exhibit A-63

Edi. LIb
#2

LAW OFFICES
**BERNABEI & KATZ, PLLC**
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139
———

LYNNE BERNABEI
DEBRA S. KATZ ◦
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
AVI KUMIN ◦

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:
DAVID J. MARSHALL
DAVID WACHTEL +

+ ADMITTED IN MD ALSO
◦ ADMITTED IN NY ALSO
◦ ADMITTED IN CA ALSO

**By Hand Delivery**
September 21, 2005

Mr. Robert W. Werner
Office of Foreign Assets Control
U.S. Department of Treasury
Licensing Division
1500 Pennsylvania Avenue, N.W., Annex
Washington, D.C. 20220

Re:    Al Haramain Islamic Foundation, Inc., License No. SDGT-343.

Dear Mr. Werner:

On behalf of the Al Haramain Islamic Foundation, Inc. (U.S.A.) ("AHIF"), I am writing pursuant to 31 C.F.R. § 501.807 to supplement the Administrative Record, and to request a final agency decision on AHIF's pending motion for administrative reconsideration of the decisions by the Office of Foreign Assets Control ("OFAC") to block AHIF's assets, on or around February 18, 2004, and to designate AHIF as a SDGT on or around September 16, 2004.

AHIF's motion for reconsideration was submitted seven months ago, on February 14, 2005. Since that time, we have received no substantive response from OFAC. Moreover, the U.S. government moved to dismiss the pending indictment of AHIF, and the U.S. District Court for the District of Oregon granted that motion. See Motion to Dismiss - Defendant Al Haramain Islamic Foundation, Inc., No. CR-05-60008-HO (D. Or. Aug. 4, 2005) (attached hereto as Exhibit 1). Thus, there is no further basis for withholding the agency decision on AHIF's motion for reconsideration, on the basis of the pending criminal charges against AHIF.

**AHIF's Supplementation of the Administrative Record**

AHIF requests the opportunity to supplement the Administrative Record by submitting the following documents, which are enclosed and incorporated herein by reference. In AHIF's prior submissions to OFAC, dated May 14, 2004, May 27, 2004, Aug. 4, 2004, Aug. 31, 2004, Sept. 7, 2004, and Feb. 14, 2005, AHIF provided documentation showing that its participation in

KABAT Exhibit A-64

Mr. Robert W. Werner
Office of Foreign Assets Control
U.S. Department of Treasury
September 21, 2005
Page 2

a humanitarian relief project in Chechnya – which was referenced in the now-dismissed indictment of AHIF – was part of a relief project that was approved at the highest levels of the Saudi government and the Russian government in Chechnya. Specifically, this Chechen relief project was coordinated by the Saudi Joint Relief Committee ("SJRC"), an entity of the Government of the Kingdom of Saudi Arabia, and approved by then-Crown Prince Abdullah, who is now the King of Saudi Arabia, by V.P. Seryogin of the Russian State Registration Office, and by Y.L. Vorobyov of the Russian Ministry for Civil Defense Affairs.

AHIF's documentation is fully corroborated by the motion to dismiss that was subsequently filed by the SJRC with the U.S. District Court for the Southern District of New York on January 17, 2005 and SJRC's reply brief, filed on April 18, 2005. See SJRC, Motion to Dismiss, at 1-6 (Feb. 17, 2005); SJRC, Reply Brief in Support of Motion to Dismiss, at 2-3 (Apr. 18, 2005) (attached hereto as Exhibits 2-3). Dr. Abdulrahman Al-Suwailem, who was then the head of the Saudi Arabian Red Crescent Society (a member of the International Red Cross) submitted a declaration on behalf of the SJRC that makes clear that the Chechen relief project, in which AHIF participated, was an approved government project. See Ex. 2, Declaration of Dr. Al-Suwailem, at ¶¶ 6-12. In fact, Dr. Al-Suwailem's declaration uses the same document, from Crown Prince Abdullah, that AHIF previously submitted to OFAC. Compare id. at ¶¶ 6-7 and Att. C with L. Bernabei letter to R. Newcomb, at 5-6 & Ex. 3 (May 14, 2004).

Taken together, these documents show that AHIF's transfer of the Chechen donations to al-Haramain Saudi Arabia, in Riyadh, Saudi Arabia, was part of the Saudi government's authorized humanitarian relief efforts in the Chechnya region.[1]

## AHIF's Request for Administrative Reconsideration of OFAC's Designation

AHIF's request for administrative reconsideration, pursuant to 31 C.F.R. § 501.807(a), has been pending for more than seven months. As set forth in AHIF's prior correspondence, which is incorporated herein, an insufficient basis exists for the designation of AHIF. Moreover, the Administrative Record that was provided to us consists almost entirely of information about al-Haramain (Saudi Arabia) and several of its overseas affiliates, and not AHIF. Even the

---

[1] As you know, Saudi Arabia is a partner with the United States in the fight against terrorism. Indeed, al-Haramain (Saudi Arabia), to which AHIF transferred the funds in good faith, was never designated as a terrorist entity. Therefore, it is unclear how AHIF, which did no more than donate funds to al-Haramain (Saudi Arabia) for humanitarian purposes in Chechnya, can be labeled a terrorist group on the basis of transfer of these funds, if al-Haramain (Saudi Arabia), which had exclusive control over the funds transferred from AHIF, is not.

PUBLIC-AR1075

KABAT Exhibit A-65

Mr. Robert W. Werner
Office of Foreign Assets Control
U.S. Department of Treasury
September 21, 2005
Page 3

relatively little information that OFAC produced about AHIF itself consists largely of newspaper
articles and other inadmissible hearsay.

The public, unclassified information produced to us does not show that AHIF:
(1) intentionally provided assistance to al-Haramain (SA) or to any al Qaeda entity, knowing that
the recipient engaged in terrorist activities; or (2) had authority or control over the activities of
al-Haramain (SA) or any al Qaeda entity, knowing it engaged in terrorist activities; or (3) knew
that the recipients of AHIF assistance would engage in terrorism, as required to support a finding
that AHIF supported terrorism or engaged in terrorist activities.

Therefore, pursuant to 31 C.F.R. § 501.807(a), I respectfully request that OFAC
supplement its Administrative Record with the information and documentation referenced in this
letter, and that OFAC reconsider and rescind its designation of AHIF.

If you need any additional information, please contact me.

Sincerely,

Lynne Bernabei

Enc.

cc:  Cari Stinebower, Esquire
     Mary M. Rowland, Esquire
     (by e-mail)

PUBLIC-AR1076

KABAT Exhibit A-66

LAW OFFICES

**BERNABEI & KATZ, PLLC**

1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

————

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ ADMITTED IN MD ALSO
° ADMITTED IN NY ALSO
* ADMITTED IN CA ALSO

<u>By Hand Delivery</u>
August 4, 2004

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
Licensing Division
1500 Pennsylvania Avenue, N.W., Annex
Washington, D.C. 20220

> Re:    Al Haramain Islamic Foundation, Inc., License No. SDGT # 343
>        <u>(Designation Pending)</u>

Dear Mr. Newcomb:

I am writing in response to OFAC's supplementation of the Administrative Record that is being considered as part of the pending designation of the Al Haramain Islamic Foundation, Inc. (U.S.A.) ("AHIF"). This is a preliminary response, given the time constraints in dealing with numerous documents from foreign sources, and the need to consult with our clients, translators, and experts. We anticipate providing additional information by early next week.

> I.    <u>AHIF's Response To OFAC's Supplemental Administrative Record.</u>

> A.    <u>OFAC Should Not Consider Documents That Do Not Refer To AHIF.</u>

As a threshold issue, AHIF restates its objection to OFAC's reliance on newspaper articles and related news media items as constituting inadmissible hearsay. <u>See</u> Letter from L. Bernabei to R. Newcomb (May 14, 2004), at 3-4. Nonetheless, AHIF respectfully submits its response to these articles – which comprise nearly the entirety of the supplementation to the Administrative Record. It is obvious that the vast majority of these articles refer solely to the alleged activities of the al-Haramain Islamic Foundation (Saudi Arabia) ("al-Haramain (SA)"), and <u>not</u> to the activities of AHIF. As you may know, AHIF is separately incorporated in Oregon, and al-Haramain (SA) has had little involvement with, let alone control of, AHIF.

KABAT Exhibit A-67

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
August 4, 2004
Page 2

Even more important for OFAC's purposes is that AHIF had no control over al-Haramain (SA), or any ability to control the Saudi organization's relationships with other affiliates of al-Haramain (SA), including those designated as terrorist entities. Moreover, there is no question but that AHIF had no relationship with those offices or affiliates of al-Haramain (SA) that the U.S. government designated as terrorist entities. Critically, shortly after the time that Treasury designated several overseas affiliates of al-Haramain (SA), Perouz Sedaghaty, the director of AHIF went to Saudi Arabia to obtain the resignations of the two outside board members of AHIF – Aqeel al-Aqeel and Mansour al-Kadi – who were also officers of al-Haramain (SA). Mr. Sedaghaty requested these resignations on the grounds that the allegations about these affiliates had the potential for harming the ability of AHIF to conduct its charitable operations in this country, and because Messrs. Aqeel and al-Kadi had had little involvement with AHIF. See M. Al-Kadi, Letter of Resignation (effective Feb. 22, 2003); A. Al-Aqeel, Letter of Resignation (effective Mar. 27, 2003) (attached and incorporated herein as Exhibits 1-2). That Mr. Sedaghaty was able to obtain their resignations so readily indicates that AHIF was not controlled by al-Haramain (SA).

Moreover, under Supreme Court precedent, that AHIF and al-Haramain (SA) formerly had partially overlapping directorates is <u>not</u> a basis for imposing liability on one entity for the acts of the other entity:

> In imposing direct liability on these grounds, the District Court failed to recognize that **"it is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts."**

> This recognition that the corporate personalities remain distinct has its corollary in the "well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." Since courts generally presume "that the directors are wearing their 'subsidiary hats' and not their 'parent hats' when acting for the subsidiary," **it cannot be enough to establish liability here that dual officers and directors made policy decisions and supervised activities at the facility.**

<u>United States v. Bestfoods</u>, 524 U.S. 51, 69-70 (1998) (internal citations omitted) (emphasis added). In <u>Bestfoods</u>, the two entities were a parent corporation and its wholly-owned subsidiary, an even tighter relationship than that between AHIF and al-Haramain (SA), which does not have that degree of ownership or control.

KABAT Exhibit A-68

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
August 4, 2004
Page 3

    The separate corporate identities of AHIF and al-Haramain (SA) are discussed at greater
length in the briefs that AHIF filed in 2003 with the U.S. District Court for the District of
Columbia in the civil case, Burnett v. Al Baraka Inv. & Devel. Corp., No. 02-CV-1616 (JR)
(D.D.C).  See Defendant Al Haramain Islamic Foundation, Inc.'s Motion to Dismiss the Third
Amended Complaint, at 2-5 & Ex. 1-3 (Feb. 7, 2003); Defendant Al Haramain Islamic
Foundation, Inc.'s Reply Brief in Support of Its Motion to Dismiss the Third Amended
Complaint, at 5, 7-8, 10 (Apr. 25, 2003); Defendant Al Haramain Islamic Foundation, Inc.'s
Notice of Status, at 1-2 (June 23, 2003) (attached and incorporated hereto as Exhibits 3-5).

    We expect that we will have an expert submit an affidavit concerning the veracity and
reliability of the press articles and intelligence reports submitted as part of the supplemental
Administrative Record within the next ten days.

**B.    The Few Documents In OFAC's Supplemental Administrative Record That
Refer To AHIF Do Not Support Any Designation of AHIF.**

    The relatively few articles in OFAC's supplemental administrative record that actually do
refer to AHIF, see OFAC Administrative Record, Exhibits 39A to 42A, primarily relate to the
recent prosecution, United States v. Sami Al-Hussayen, No. 03-CR-0048 (D. Idaho).  OFAC's
reliance on these articles is fundamentally misplaced, for several reasons.[1]

    First, the operative indictment in that prosecution makes no allegations regarding AHIF.
See Second Superseding Indictment (Mar. 4, 2004) (attached hereto as Exhibit 6).  All citations
in that indictment to the alleged activities of "Al-Haramain," or to Mr. Al-Hussayen's alleged
involvement with "Al-Haramain," are solely to al-Haramain (SA).  The AHIF office in Ashland,
Oregon is mentioned in passing, but nothing is alleged about AHIF specifically.  Id. at ¶¶ 4.b, 9,
11, 15.

    Second, any reference to "Al-Haramain" that may have been brought out at trial
obviously had no effect, for the jury acquitted Mr. Al-Hussayen of the material support counts
and two of the immigration counts, and deadlocked on the remaining immigration charges, upon
which the government dismissed the latter charges.  See Jury Verdict (June 10, 2004); Order of
Dismissal (July 2, 2004) (attached hereto as Exhibits 7-8).  This verdict and ensuing dismissal
clearly demonstrates that any testimony in that trial about "Al-Haramain" failed to prove
anything about Mr. Al-Hussayen's alleged terrorist activities.

---

    [1] One other article, OFAC Exhibit 10A, at 3 ¶ 4, mentions AHIF and gives its address, but
makes no allegations about AHIF, as opposed to al-Haramain (SA).

KABAT Exhibit A-69

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
August 4, 2004
Page 4

Third, the articles themselves fail to support any allegation that AHIF itself engaged in any illegal conduct. The first article cites the designation of the Somalia and Bosnia affiliates of al-Haramain (SA), but does not identify any acts by AHIF. See OFAC Ex. 39A. The second article only mentions a link from another charity's website to the website of al-Haramain (SA), and makes no mention of AHIF. See OFAC Ex. 40A. Moreover, the second article is actually an opinion piece written by two investigators for the plaintiffs in the Burnett civil lawsuit brought against AHIF and numerous other individuals and entities, and can hardly be considered an unbiased, or reliable, source. Id. at 3. The third article makes the conclusory statement, without any support, that al-Haramain (SA) "operates U.S. branch in Ashland, Ore., under investigation for money laundering." See OFAC Ex. 41A, at 1. As discussed supra, AHIF operated independently from al-Haramain (SA). The fourth article describes generally the allegations raised in the Burnett civil lawsuit, and that AHIF was placed on an FBI "watch list," but does not state anything new about AHIF's operations or activities. See OFAC Ex. 42A. The fifth and sixth articles mention al-Haramain (SA), but not AHIF. See OFAC Ex. 43A, at 8, 10-11; OFAC Ex. 44A, at 1.

AHIF respectfully submits that OFAC's reliance on several one-sided articles published *before* the Al-Hussayen trial commenced, but its failure to include the operative indictment, or to take into consideration the jury verdict and dismissal, has impermissibly resulted in a biased administrative record. An agency "may not skew the record in its favor by excluding pertinent but unfavorable information." Fund for Animals v. Williams, 245 F. Supp. 2d 49, 55 (D.D.C. 2003). The U.S. Court of Appeals for the D.C. Circuit has recognized that an agency cannot "exclude[] from the record evidence adverse to its position," which warrants supplementing the administrative record with such documents. Kent County, Delaware Levy Court v. EPA, 963 F.2d 391, 396 (D.C. Cir. 1992); see also Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (supplementation of the administrative record proper when "the agency failed to consider factors which are relevant to its final decision"). Where, as here, additional documents about the Al-Hussayen trial were "publicly available" at the time OFAC compiled its Administrative Record, and "were official records from court proceedings, they should have been considered by the agency." Carlton v. Babbitt, 26 F. Supp. 2d 102, 107 (D.D.C. 1998) (ordering agency to include relevant public documents and court records that undermine the agency's administrative record); see also Public Citizen v. Heckler, 653 F. Supp. 1229, 1237 (D.D.C. 1986) (documents improperly excluded from administrative record "are indicative of a lack of rationality on the part of HHS in the decisionmaking process" and "indicates that the Secretary's stated reason may very well be pretextual"). Thus, OFAC is under an obligation to supplement the administrative record with the aforementioned "pertinent but unfavorable information," readily available to OFAC at the time, which undercuts any basis for designating AHIF based on allegations raised in connection with the unsuccessful prosecution of Sami Al-Hussayen.

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
August 4, 2004
Page 5


## II.    Additional Information Relevant to AHIF.

AHIF has previously provided OFAC with documents relating to the Chechnya project, which showed that this project was expressly approved by the governments of Saudi Arabia and Russia. See Letter from L. Bernabei to R. Newcomb (May 14, 2004), at 5-7 & Ex. 1-9; Letter from L. Bernabei to R. Newcomb (May 27, 2004), at 1 & Ex. 1-3 (translations of three Arabic documents). AHIF hereby provides additional information relating to that project. AHIF has obtained unofficial translations of the two Russian-language documents, by a Russian translator, and is in the process of obtaining official translations. In the meantime, we can inform you that a translator has confirmed, regarding the bi-lingual Russian / Arabic document from December 1999, that her translation of the Russian portion of the document is consistent with the English translation of the Arabic portion of the document, which we previously provided you. See "Memorandum of Accord" signed by the Russian Ministry for Civil Defense Affairs and the Saudi Joint Relief Committee for Kosovo and Chechnya (Dec. 1999) (attached as Exhibit 5 to Letter from L. Bernabei to R. Newcomb (May 14, 2004), at 6).

This translator has also informed us that a second Russian document (attached hereto as Exhibit 9) was issued by the State Registration Office of the Russian Federation's Ministry of Justice. It certifies that the Saudi humanitarian society "Saudi Red Crescent" (= Saudi Arabian Red Crescent Society) has been registered in the Consolidated State Register of Foreign Companies Accredited to Operate Within the Territories of the Russian Federation. It is dated October 30, 2000, and signed by the President of the State Registration Office, V.P. Seryogin.

Thus, this document confirms that the Saudi charitable operations in Chechnya, including the distribution of monies which originated with AHIF, were spent in legitimate charitable activities, approved by the Russian government in Chechnya. This document further corroborates the documents discussed in AHIF's May 14, 2004 letter to OFAC. This document is also contrary to the allegations in the Russian newspaper articles (OFAC Administrative Record, Exhibits 1A-26A, passim), that the acts of al-Haramain (SA) in Chechnya were somehow unauthorized.

Thank you for your consideration of the foregoing response to OFAC's supplementation of the Administrative Record. We will attempt to provide further information by early next week, and request that it be considered by OFAC.

KABAT Exhibit A-71

Mr. R. Richard Newcomb
Office of Foreign Assets Control
U.S. Department of Treasury
August 4, 2004
Page 6

Sincerely,

Lynne Bernabei

Enc.

cc:  Cari Stinebower, Esquire
     Mary M. Rowland, Esquire

KABAT Exhibit A-72