United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWYERS COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO
BAY AREA,

        Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
THE TREASURY,

        Defendant.
_____/

No. C 07-2590 PJH

**ORDER RE MOTION**

Plaintiff's motion for declaratory relief came on for hearing before this court on September 2, 2009. Plaintiff Lawyers' Committee for Civil Rights of San Francisco Bay Area ("LCCR") appeared through its counsel, Thomas Burke. Defendant United States Department of Treasury ("defendant" or "Treasury") appeared through its counsel, Peter Wechsler. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and for the reasons stated on the record as summarized below, the court GRANTS LCCR's motion for declaratory relief, but DENIES LCCR's request for expedited processing.

As stated on the record, the court finds that both parties have been unreasonable, and have failed to follow the controlling statute, regulations, and guidelines governing LCCR's fee waiver request. Moreover, the court finds that the parties have failed to adequately address several important issues raised by the motion papers.

In spite of these shortcomings, the court concludes that LCCR is entitled to declaratory relief. First, the court finds that Treasury waived its right to object to LCCR's properly promulgated August 16, 2005 request for a fee waiver pursuant to the public interest exception. *See* 5 U.S.C. § 552(4)(A)(iii); 31 C.F.R. § 1.7(d)(1); April 2, 1987 Department of Justice ("DOJ") Policy Guidance. Treasury was required to act upon LCCR's fee waiver request within 20 days of August 16, 2005, but failed to do so, thus waiving any objection. 5 U.S.C. § 552(6)(A)(i); *see also Public Citizen*, *Inc. v. Department of Educ.*, 292 F.Supp.2d 1, 4 (D.D.C. 2003) (concluding that agency waived its right to object to fee waiver request under similar circumstances). Treasury was not excused from responding to the fee waiver request based on a belief that the records requested pursuant to LCCR's Freedom of Information Act ("FOIA") request were exempt from disclosure. S*ee Carney v. United States Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994). A fee waiver request should be treated independently of the FOIA records request. *See id.; see also Stewart v. United States Dep't of Interior*, 554 F.3d 1236, 1241-42 (10th Cir. 2009).

Nevertheless, even if the court were to conclude that Treasury had not waived its right to object to LCCR's public interest fee waiver request, it finds that LCCR is entitled to the fee waiver on the merits and satisfies the relevant criteria set forth in the DOJ Policy Guidance. Contrary to Treasury's untimely June 24, 2009 determination otherwise, the court finds that: (1) the subject of the requested records concerns "the operations or activities of the government;" (2) disclosure of the information is "likely to contribute" to an understanding of government operations or activities; (3) disclosure of the requested information will contribute to "public understanding"; and (4) disclosure is likely to contribute "significantly" to public understanding of government operations or activities. *See* April 2, 1987 DOJ Policy Guidance.

The court, however, denies LCCR's request for a fee waiver based on a news media exemption, and concludes that LCCR has not demonstrated that it has properly raised or exhausted such a request. To the extent that LCCR is seeking expedited processing of the

FOIA records, the court also DENIES such a request because LCCR has failed to adequately develop the arguments and authority in support of such a request.

**IT IS SO ORDERED.**

Dated: September 8, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge